**MEDINA COUNTY COMMISSIONERS' COURT, Jim Jenkins, Individually; Stanley Keller, Jr., Individually; Enrique Santos, Individually; Louis Ehlinger, Individually; Kelly Carroll, Individually; Honorable David E. Campsey, Individually; and Honorable David Montgomery, Individually, Appellants,**

v.

**The INTEGRITY GROUP, INC., Appellee.**

No. 04–96–00019–CV.

Court of Appeals of Texas, San Antonio.

July 10, 1996.

Rehearing Overruled Aug. 12, 1996.

Ricardo J. Navarro, Victoria Guerra, Denton, McKamie & Navarro, P.C., San Antonio, for appellants.

Tyler Scheuerman, Clemens & Spencer, San Antonio, for appellee.

Before RICKHOFF, LOPEZ and STONE, JJ.

## OPINION

LÓPEZ, Justice.

This interlocutory appeal arises from the trial court's denial of summary judgment based on official immunity. Appellee, The Integrity Group, Inc. (Integrity), sued Medina County Commissioners' Court and the individual counsel members after the county refused to grant final approval to Integrity's subdivision plan. We affirm the trial court's order regarding the commissioners' court, but we reverse and render regarding the individual commissioners.

### Summary of Facts

The Medina County Commissioners' Court approves the subdivision of property within the county according to rules promulgated by the court. The court may grant a plat preliminary approval, but this status "does not constitute acceptance for filing by the Clerk[']s Office, or approval to begin the sale of lots." Before the court grants a plat final approval, the subdivider must comply with the rule governing lot sizes which provides that "[a]ll subdivision lots shall contain a minimum of 30,000 square feet, except those lots in subdivisions over the Edwards Underground Water District Recharge Zone ... must be a minimum of one acre in size."

In June 1993, Integrity sought, but did not receive, preliminary approval to subdivide 4.843 acres into sixteen lots less than 30,000 square feet. When Integrity decreased the number of lots in May 1994, the commissioners' court granted it preliminary approval to subdivide the property into seven lots of 30,140.147 square feet each, pending additional input by local property owners, the public health officer, and the controlling water district. A month later, the commissioners' court postponed action on the subdivision until Integrity complied with the county's "approval checklist," which indicated that Integrity failed to comply with several rules, including the one governing lot sizes.

On February 13, 1995, Integrity gave the court approval letters from the health officer, the local water district, and the Texas Natural Resource Conservation Commission. At that time, the county attorney noted that the subdivision rules were ambiguous about whether the one-acre size applied to those lots over the recharge zone or applied to the entire subdivision if any lot was located over the recharge zone. The commissioners' court voted unanimously to deny Integrity final approval because its proposed plat did not comply with the county's subdivision rules.

Integrity sued the commissioners' court for injunctive and declaratory relief construing the county's subdivision rules. Integrity also sued the commissioners in their individual capacities for negligence, gross negligence, fraud, conspiracy, and tortious interference with contract.[1] The commissioners' court and its members appeal the denial of their motion for summary judgment based on official immunity. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 51.014(5) (Vernon Supp.1996) (authorizing interlocutory appeals based on official immunity).

### Arguments on Appeal

Three points of error challenge the trial court's ruling. The first point of error refers to the individuals' right to a summary judg-

ment; the second point refers to the commissioners' court; and the third denies the existence of a material fact issue. We address the second point of error first.

### 1. Commissioners' Court

█ The second point of error alleges the trial court erred in denying summary judgment to the commissioners' court "to the extent its assertion of immunity is based on the assertion of official immunity by the individual defendants." The argument supporting the second point of error also complains about Integrity's failure to state a cause of action under the Texas Tort Claims Act. We lack jurisdiction over that complaint because it is not based on official immunity. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1996); *City of Houston v. Kilburn*, 849 S.W.2d 810, 812 (Tex.1993); *City of Irving v. Pak*, 885 S.W.2d 189, 191–92 (Tex. App.—Dallas 1994, dism'd w.o.j.).

█ Integrity sued the commissioners' court for injunctive and declaratory relief, and it sued the individual commissioners for damages arising from negligence and various intentional torts. Because Integrity did not sue the commissioners' court for the actions of its members, Integrity did not have a "derivative" claim that could be affected by the individuals' assertion of official immunity. *See DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex.1995); *City of Beverly Hills v. Guevara*, 904 S.W.2d 655, 656 (Tex.1995).

Even if the commissioners were entitled to summary judgment, the commissioners' court was not entitled to summary judgment. Thus, the trial court did not err in denying the motion of the commissioners' court. We overrule the second point of error.

### 2. County Commissioners

In their first point of error, the commissioners contend the trial court erred in denying them summary judgment based on official immunity. In their third point of error, they complain that Integrity's affidavits

---

1. The Medina County Commissioners' Court is comprised of four commissioners and the county judge. This suit involves seven individual defendants because county judge Donald Campsey was succeeded by David Montgomery and commissioner Louis Ehlinger was succeeded by Kelly Carroll.

failed to raise a material issue of disputed fact.

■ Government employees are entitled to official immunity when sued in their individual capacity for official acts.[2] *Gonzalez v. Avalos*, 866 S.W.2d 346, 349 (Tex.App.—El Paso 1993, writ dism'd w.o.j.). Official immunity arises from the performance of (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). The parties do not dispute that the commissioners were acting within their discretion. We therefore address only whether they were acting within the scope of their authority and in good faith. *See Antu v. Eddy*, 914 S.W.2d 166, 170 (Tex.App.—San Antonio 1995, no writ).

### a. Standard of Review

In a motion for summary judgment, the movant has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). Evidence favorable to the nonmovant is taken as true, and every reasonable inference in favor of the nonmovant will be resolved in its favor. *Id.* at 548–49. When a defendant moves for summary judgment on an affirmative defense, like official immunity, the defendant must conclusively prove each element of the defense as a matter of law. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Chambers*, 883 S.W.2d at 653.

### b. Authority

■ Government employees that discharge the duties generally assigned them are acting within the scope of their authority for purposes of immunity. *Chambers*, 883 S.W.2d at 658; *Texas Dep't of Pub. Safety v. Perez*, 905 S.W.2d 695, 700 (Tex.App.—Houston [14th Dist.] 1995, writ denied). Even if a specific action is wrong or negligent, the employee still acts within the scope of this authority. *Harris County v. Ochoa*, 881 S.W.2d 884, 888 (Tex.App.—Houston [14th Dist.] 1994, writ denied); *Koerselman v.*

*Rhynard*, 875 S.W.2d 347, 350 (Tex.App.—Corpus Christi 1994, no writ).

■ The commissioners' affidavits detail their involvement in the approval process and several affirmatively state that all actions taken were made as members of the commissioners' court. The summary judgment evidence also includes the official minutes of the court meetings and the applicable subdivision rules. This evidence establishes that the commissioners were acting within the scope of their authority in denying final approval to Integrity's subdivision absent compliance with the subdivision rules.

To controvert this evidence, Integrity relies on the general proposition that government officials are not entitled to immunity when sued in their individual capacities for wrongful *unofficial* acts. *See Washington v. City of Houston*, 874 S.W.2d 791, 797 (Tex. App.—Texarkana 1994, no writ) (intentional assault during medical exam); *Bonham v. Flach*, 744 S.W.2d 690, 692–93 (Tex.App.—San Antonio 1988, no writ) (evidence of conspiracy precluded claim to official immunity); *Bagg v. University of Texas Medical Branch at Galveston*, 726 S.W.2d 582, 586–87 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (eavesdropping in wrongful termination suit).

■ Integrity's petition alleges that the commissioners refused to grant final approval and misrepresented and concealed information. The affidavits of Integrity's president and vice-president state:

> Several of the named Defendants in this lawsuit made representations to me that once preliminary approval had been granted, final approval was merely a formality.... [T]he Defendants had secretly agreed to deny final approval.
>
> ....
>
> Certain Defendants have represented to me that a group of "concerned" citizens ... met with Commissioner Keller and have entered into a civil conspiracy, of which the other Defendants in this lawsuit

---

**2.** The county commissioners are "quasi-judicial" and entitled to assert official immunity. *Eakle v.* *Texas Dep't of Human Servs.*, 815 S.W.2d 869, 876 (Tex.App.—Austin 1991, writ denied).

have joined, to prevent final approval of the Cave Canyon Subdivision.

Integrity provides no facts supporting the assertions in its affidavits or petition. Furthermore, these statements refer to official actions, that is, the failure to approve the plat (which may or may not be wrongful); the statements do not refer to unofficial actions. We conclude that Integrity did not controvert the commissioners' proof that they acted within the scope of their authority.

#### c. Good Faith

■ To establish good faith, the government employee must prove that a reasonably prudent official, under the same or similar circumstances, could have believed that his or her actions were justified. *Chambers,* 883 S.W.2d at 656. Whether the official is negligent is not dispositive of the good faith element. *Id.* at 655; *City of Beverly Hills v. Guevara,* 911 S.W.2d 901, 904 (Tex.App.— Waco 1995, n.w.h.).

■ Good faith can be established as a matter of law when the official's factual recitation is otherwise supported by the evidence. *See, e.g., Rhodes v. Torres,* 901 S.W.2d 794, 798–800 (Tex.App.—Houston [14th Dist.] 1995, no writ); Tex.R.Civ.P. 166b; *see also Murillo v. Garza,* 881 S.W.2d 199, 202 (Tex.App.—San Antonio 1994, no writ) (good faith not established by conclusory statements unsupported by evidence). In addition, good faith can be established as a matter of law, despite an affidavit's failure to use the objective words suggested by *Chambers,* if reasonable minds could not differ from the conclusion draw from the underlying facts. *See, e.g., Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982); *Antu,* 914 S.W.2d at 172; *Barker v. City of Galveston,* 907 S.W.2d 879, 888 (Tex.App.—Houston [1st Dist.] 1995, no writ).

■ Each commissioner states that he or she acted in good faith in reviewing Integrity's proposed plat and concluding that it did not meet the county's subdivision rules. These assertions are supported by the subdivision rules, checklist, and commissioners' court minutes that were also supplied as summary judgment evidence. The evidence shows that the commissioners were given authority to review plats for compliance with the rule, and finding noncompliance, voted to deny approval to Integrity's plat. We find that the affidavits meet the requirements stated above and establish the commissioners' good faith as a matter of law.

To controvert summary judgment proof on good faith, the plaintiff must do more than show that a reasonably prudent official could have decided to take a different action; the plaintiff must produce evidence that no reasonable person in the official's position could have thought the facts were such that they justified his or her actions. *Chambers,* 883 S.W.2d at 656.

■ Integrity's affidavits, supplied by its president and vice-president, state that "I conclude that the Defendants in this lawsuit have not acted in good faith nor within the scope of their authority." This declaration falls short of the test required by *Chambers.* We hold that the affidavits fail to controvert the commissioners' good faith.

#### d. Summary

Finding that the elements of official immunity were established as a matter of law, we conclude the trial court erred in denying the individual defendants' motion for summary judgment. Accordingly, we sustain the first and third points of error.

### Conclusion

We affirm that portion of the trial court's order denying summary judgment to the Medina County Commissioners' Court, and we remand Integrity's causes of action against it for injunctive and declaratory relief. We reverse that portion of the trial court's order denying summary judgment to the individual commissioners, and we render a partial summary judgment in their favor that Integrity take nothing by its claims against them.