99-00830 Williams v Scott.wpd



No. 04-99-00830-CV



Carl WILLIAMS,


Appellant



v.



Wayne SCOTT, et al.,


Appellee



From the 218th Judicial District Court, Karnes County, Texas


Trial Court No. 99-06-00102-CVK


Honorable Ron Carr, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: November 15, 2000


AFFIRMED


 This appeal arises from a lawsuit filed by the appellant, Carl Williams, a state prison inmate.
In his petition, Williams alleged that prison officials, appellees in this appeal, tampered with mail
that he sent to his "lady friend," Essie Gardner, and with mail that Gardner allegedly sent to
Williams. The defendant prison officials filed motions to dismiss, and the trial judge dismissed
Williams's lawsuit as frivolous. Because we find that Williams's claims have no arguable basis in
law or in fact, we affirm the trial court's order.

 Section 14.003 of the Texas Civil Practices and Remedies Code authorizes a trial court to
dismiss a claim, either before or after service of process, if the court finds that the claim is frivolous
or malicious.

 In determining whether a claim is frivolous or malicious, the court may consider
whether:

 (1) the claim's realistic chance of ultimate success is slight;

 (2) the claim has no arguable basis in law or in fact;

 (3) it is clear that the party cannot prove facts in support of
 the claim; or

 (4) the claim is substantially similar to a previous claim filed
 by the inmate because the claim arises from the same
operative facts.


Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon Supp. 2000). A trial judge's decision to
dismiss a lawsuit brought by an inmate is reviewed under an abuse of discretion standard. McCollum
v. Mt. Ararat Baptist Church, 980 S.W.2d 535, 536 ( (Tex. App.-Houston [14th Dist.] 1998, no
pet.); Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.- Waco 1996, no pet.) After applying that
standard here, we find no abuse of discretion.

 In his petition, Williams stated that his lawsuit was brought pursuant to the Texas Penal
Code, the Texas Tort Claims Act, and the First, Fifth, and Fourteenth Amendments to the United
States Constitution. As for Williams's first authority, the penal code does not create any private
causes of action, and thus, Williams's allegations based on the penal code must fail as not stating
a cause of action recognized by law. See Aguilar v. Chastain, 923 S.W.2d 740, 745 (Tex.
App.--Tyler 1996, pet. denied). Accordingly, the trial judge did not abuse his discretion in
dismissing Williams's claims brought under the penal code.

 Likewise, the trial judge did not abuse his discretion in dismissing Williams's claims brought
under the Texas Tort Claims Act (the Act). State employees are entitled to official immunity when
sued in their individual capacities for official acts. Median County Com'rs Court v. Integrity Group,
944 S.W.2d 6, 9 (Tex. App.-San Antonio 1996, no pet.). While the Act provides for a limited
waiver of governmental immunity, the waiver does not apply to individuals employed by the State.
Aguilar, 923 S.W.2d at 744-45. As individual state employees, the appellees-defendants were never
proper parties to this lawsuit to the extent that they were sued under the Act, and thus Williams has
not stated a claim under the Act. Id. As a result, the trial judge did not abuse his discretion in
dismissing Williams's claims brought under the Act. Harrison v. Texas Dept. of Criminal
Justice-Institutional Div., 915 S.W.2d 882, 890 (Tex. App.-Hous. [1 Dist.] 1995, no pet.).

 As for Williams's federal constitutional claims, in his petition, Williams characterized his
lawsuit as a civil rights suit and complained of negligence on the part of prison officials. Although
section 1983 of Title 42 of the United States Code provides a basis for suing a governmental unit for
a violation of civil rights, a plaintiff is not entitled to a recovery absent proof of a deprivation of a
right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137,
140 (1979). Thus, the first inquiry in a section 1983 lawsuit is whether the plaintiff has been
deprived of a federally secured right. Baker, 443 U.S. at 140. Violations of duties arising out of
ordinary state tort law or injuries resulting from a prison official's negligent conduct are not
actionable under section 1983. Daniels v. Williams, 474 U.S. 327, 328 (1986). Because he
complains of negligence, Williams has failed to state a constitutional deprivation that is actionable
under section 1983. Daniels, 474 U.S. at 328. As a result, the trial judge did nor err by dismissing
Williams's section 1983 claims because those claims have no arguable basis in law or in fact.

 After considering each of the authorities in Williams's petition, and determining that none
of his claims have an arguable basis in law or fact, we conclude that the trial judge did not err by
dismissing Williams's petition as frivolous. We affirm the trial court's order.


 Alma L. López, Justice

DO NOT PUBLISH