MEMORANDUM OPINION



 

No. 04-03-00413-CV



THE INTEGRITY GROUP, INC.,


Appellant



v.



MEDINA COUNTY COMMISSIONERS COURT,


Appellee



From the 38th Judicial District Court, Medina County, Texas


Trial Court No. 95-06-13409-CV


Honorable Antonio G. Cantu, (1) Judge Presiding



Opinion by: Sarah B. Duncan, Justice

Concurring Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: October 20, 2004


REVERSED AND REMANDED

 The Integrity Group, Inc. appeals the trial court's summary judgment in favor of the Medina
County Commissioners Court. We hold the Commissioners Court is without authority to reject
Integrity's plat because of the lot size and therefore reverse the trial court's judgment and remand the
cause for further proceedings consistent with this opinion.

 In 1993 Integrity began the process of seeking approval to subdivide a 4.843-acre tract of land
adjacent to Medina Lake. Part of the tract is located over the Edwards Aquifer Recharge Zone; and
Integrity plans on employing on-site sewage systems. Ultimately, in 1995, the Medina County
Commissioners Court denied final approval of Integrity's plat application "because the proposed plat
does not meet Medina County's Subdivision Rules and Regulations and/or checklist and is, therefore,
not in compliance." In response, Integrity sued the Commissioners Court for injunctive and
declaratory relief, as well as a writ of mandamus. See Medina County Comm'rs Court v. Integrity
Group, Inc., 944 S.W.2d 6, 7-8 (Tex. App.-San Antonio 1996, no writ); Medina County Comm'rs
Court v. Integrity Group, Inc., 21 S.W.3d 307, 308-09 (Tex. App.-San Antonio 1999, pet. denied).
The trial court granted the Commissioners Court's motion for summary judgment, which contends
that the Commissioners Court is authorized - as an agent for what is now called the Texas
Commission on Environmental Quality - to reject the plat because it fails to comply with the one-acre
minimum lot requirement contained in the Subdivision Rules for Medina County for subdivisions over
the Edwards Aquifer Recharge Zone. We disagree. 

 "[A] commissioners court[ ] shall exercise such powers and jurisdiction over all county
business, as is conferred by this Constitution and the laws of the State." Tex. Const. art. V, § 18.
"Texas courts have interpreted this to mean that, although a commissioners court may exercise broad
discretion through implied powers in conducting county business, the legal basis for any action taken
must be grounded ultimately in the Texas Constitution or statutes." White v. Eastland County, 12
S.W.3d 97, 100 (Tex. App.-Eastland 1999, no pet.). A commissioners court's power relative to the
plat approval process is found in Chapter 232 of the Texas Local Government Code. Under section
232.002(a) of the Code, a commissioners court "may refuse to approve a plat if it does not meet the
requirements prescribed by or under [chapter 232]or if any bond required under [chapter 232] is not
filed with the county." Tex. Loc. Gov't Code Ann. § 232.002(a) (Vernon Supp. 2003). On the
other hand, if a developer meets the statutory requirements, the commissioners court's duty to
approve the plat becomes ministerial. (2)

 If the proposed plat is not located in a county near an international border, the plat
requirements prescribed by chapter 232 are located in sections 232.001-.0032. Section 232.001(b)
requires the plat to describe the subdivision by metes and bounds, locate the subdivision with respect
to an original corner of the original survey of which it is a part, state the dimensions of the subdivision
and each lot, street, or other part to be dedicated to public use, and be acknowledged by the owner
or his agent and filed with the county clerk. Id. § 232.001(b). The subdivision requirements concern
road development, drainage, and lot and block monumentation. See id. at § 232.003. Additionally,
if the source of water for the subdivision is to be groundwater, section 232.0032 permits a
commissioners court to require a statement "that adequate groundwater is available for the
subdivision." Id. at § 232.0032. Chapter 232 thus does not require a plat to include planned water
and sewer facilities unless the plat is located in a county near an international border. See id. at
§ 232.022; § 232.023 (b)(6). In short, the only "authority" the Commissioners Court has cited, and
the only authority we have found, that might permit a commissioners court to reject a plat because
of lot size is this statement in the Summary of Facts in this court's opinion in Medina County
Comm'rs Court v. Integrity Group, Inc., 944 S.W.2d at 6: "Before the [Commissioners] [C]ourt
grants a plat final approval, the subdivider must comply with [Medina County's] rule governing lot
sizes ...." Id. at 7. However, this statement is made in the Summary of Facts; it is not supported by
authority; and it is clearly dicta since the opinion deals not with the plat approval process but with
the Commissioners Court's and the individual commissioners' official immunity. See id. We therefore
decline to give it weight in the plat approval context.

 Because there is no statutory authority authorizing the Commissioners Court to reject a plat
because of lot size, the trial court erred in granting the commissioners court's motion for summary
judgment on this ground. We therefore reverse the trial court's judgment and remand the cause for
further proceedings consistent with this opinion. (3)


 Sarah B. Duncan, Justice

 




 


1. Sitting by assignment.
2. See, e.g., Elgin Bank of Texas v. Travis County, 906 S.W.2d 120, 123 (Tex. App.-Austin 1995, writ denied)
(per curiam) ("Section 232.003 is the only authority upon which the county may base platting requirements."); Projects
American Corp. v. Hilliard, 711 S.W.2d 386, 389 (Tex. App.-Tyler 1986, no writ.) ("Under [the predecessor to chapter
232], the authority of the commissioners court to approve plats is not discretionary. If a plat submitted meets all
statutory requirements, the commissioners court cannot impose additional requirements, but must approve such plat.");
Commissioners Court v. Frank Jester Dev. Co., 199 S.W.2d 1004, 1007 (Tex. Civ. App.-Dallas 1974, writ ref'd n.r.e.)
("When the platter has done all that the statute demands, [the commissioners courts duty to authorize the filing of the
plat] becomes a mere ministerial duty, the performance of which may be compelled by mandamus."); see also Op. Tex.
Att'y Gen. Nos. JM-789 (1987) ("[T]he statutory powers granted to the county over subdivisions are plainly limited
to ordering certain standards to be applied to the physical dimensions and construction standards of streets and roads
.... Thus, when a person who seeks to file and record a plat has complied with all of the statutory requirements outlined
in chapter 232 of the Local Government Code, approval and filing of the plat becomes a mere ministerial duty."); JM-534 (1986) ("If a person who seeks to file and record a plat has complied with the statutory requirements outlined in
[the predecessor to chapter 232], approval and filing of the plat becomes a mere ministerial duty."); JM-317 (1985)
("If the owner or owners of the tract of land subdivided in the plat follow the specified statutory procedure outlined in
[the predecessor to chapter 232], the commissioners court is not authorized to reject the filing of the plat.").
3. We express no opinion as to whether the Commissioners Court may effectively regulate minimum lot size
in other contexts, such as the building and sewage facility permitting processes.