**MEDINA COUNTY COMMISSIONERS COURT, Appellant,**

v.

**THE INTEGRITY GROUP, INC., Appellee.**

No. 04–99–00087–CV.

Court of Appeals of Texas, San Antonio.

Aug. 25, 1999.

Rehearing Denied Dec. 15, 1999.

Ricardo J. Navarro, Regina Bacon Criswell, Denton, McKamie & Navarro, P.C., San Antonio, for appellant.

David W. Ross, Law Offices of Ralph Brown, P.C., San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

Medina County Commissioners Court ("Medina Court") appeals the trial court's order, granting The Integrity Group, Inc. ("Integrity") mandamus relief and ordering the Medina Court to approve Integrity's subdivision plat. In its brief, the Medina Court asserts that the trial court abused its discretion in granting mandamus relief because: (1) the Medina Court has the authority to regulate minimum lot size requirements; (2) the Medina Court performed a discretionary function in deciding whether Integrity complied with the Subdivision Rules and Regulations; and (3) the trial court replaced its decision for that of the Medina Court. We reverse the trial court's order and remand the cause for further proceedings consistent with this opinion.

### FACTUAL BACKGROUND

In 1993, Integrity requested preliminary approval from the Medina Court to subdivide 4.843 acres of land adjacent to Medina Lake into 16 lots, with each lot containing less than 30,000 square feet. After further discussion and meetings with the Medina Court, Integrity ultimately requested permission to subdivide the land into seven lots of approximately 30,000 square feet. Preliminary approval was given by the Medina Court on May 2, 1994, subject to certain conditions.

By letter dated June 15, 1994, the Bexar–Medina–Atascosa Counties Water Control and Improvement District No. 1 ("BMA") gave its approval to Integrity's wastewater proposal in connection with the proposed subdivision, stating that with the insertion of certain agreed restrictive covenants "the subdivision will be in accord with our existing rules and satisfy [BMA's] desire to do what can be done to prevent problems from developing." In addition, on December 13, 1994, the Texas Natural Resource Conservation Commission ("TNRCC") approved Integrity's water pollution abatement plan. Although the TNRCC noted that approximately 0.4683 acres of roadway will be located on the Edwards Aquifer Recharge Zone ("EARZ"), it was not requiring the subdivision to have the minimum one acre lot for wastewater disposal because the application for approval had been submitted before August 4, 1994. In describing the project, the TNRCC notes that the site will conform with applicable codes and requirements of Medina County.

On February 13, 1995, Integrity requested final approval of its subdivision plat from the Medina Court. The Medina Court denied approval because "the proposed plat [did] not meet Medina County's Subdivision Rules and Regulations and/or checklist and is, therefore, not in compliance." Specifically, the lot did not meet the one acre minimum requirement for lots located over the EARZ.

Integrity filed a petition in the trial court seeking various forms of relief from the Medina Court's decision, including mandamus relief. Both parties filed motions for summary judgment in the trial court, and the trial court granted Integri-

ty's motion with regard to its request for mandamus relief. The Medina Court timely filed this appeal.

## STANDARD OF REVIEW

In an appeal from a summary judgment, we must determine whether the movant has shown that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Ray v. O'Neal*, 922 S.W.2d 314, 316 (Tex.App.— Fort Worth 1996, writ denied). Where both parties move for summary judgment and one is granted and the other denied, we review the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997). In determining whether a material fact issue exists to preclude summary judgment, evidence favoring the nonmovant is taken as true, and all reasonable inferences are indulged in favor of the nonmovant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d at 548–59. Furthermore, any doubt is resolved in the nonmovant's favor. *Id.*

■ A party can invoke the district court's constitutional supervisory power over a commissioners court only when the commissioners court acts beyond its jurisdiction or clearly abuses the discretion conferred upon the commissioners court by law. *Agan*, 940 S.W.2d at 80. If the commissioners court acts illegally, unreasonably, or arbitrarily, a district court may find an abuse of discretion. *Id.* However, in reviewing a commissioners court judgment for abuse of discretion, the district court has no right to substitute its judgment and discretion for that of the commissioners court. *Id.*

## DISCUSSION

■ A writ of mandamus will issue to compel a public official to perform a minis-terial act. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex.1991). An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion. *Id.* Under section 232.002 of the Local Government Code, the authority of the commissioners court to approve subdivision plats is not discretionary if the plat meets the statutory requirements set forth in section 232.001. TEX. LOCAL GOV'T CODE ANN. § 232.002 (Vernon 1999) (providing commissioners court ***must*** approve plat unless it does not meet requirements prescribed that section 232.001); *Projects American Corp. v. Hilliard*, 711 S.W.2d 386, 389 (Tex.App.—Tyler 1986, no writ); *Commissioners' Court v. Frank Jester Development Co.*, 199 S.W.2d 1004, 1007 (Tex. Civ.App.—Dallas 1947, writ ref'd n.r.e.); Op. Tex. Att'y Gen. No. JM–789 (1987). A commissioners court cannot require additional substantive requirements for a subdivision plat that are not contained within the statute. *Projects American Corp. v. Hilliard*, 711 S.W.2d at 389; *Commissioners' Court v. Frank Jester Development Co.*, 199 S.W.2d at 1007; Op. Tex. Att'y Gen. No. JM–789 (1987).

■ The Medina Court agrees that it cannot impose a minimum lot size requirement under the authority of section 232.002; however, the Medina Court asserts that it can impose such a requirement under other statutory authority. The Medina Court contends that section 26.032 of the Texas Water Code, which was repealed effective September 1, 1989, and is now located in relevant part at section 366.031 of the Texas Health and Safety Code and/or section 285.11(e)(5) & (f)(4)(A) of the Texas Administrative Code, authorized it to regulate minimum lot sizes in connection with the regulation of private sewage facilities. The Medina Court asserts that prior to the repeal of this statutory provision, the Medina Court adopted rules to regulate private sewage facilities, and those rules were approved by the Tex-

as Water Development Board. In addition, the Medina Court contends that it had the authority to adopt more stringent standards for on-site sewage disposal systems than those adopted by the TNRCC; therefore, the TNRCC's approval does not prevent the Medina Court from enforcing the minimum lot requirement in the Subdivision Rules.

For purposes of this opinion, we will assume that the approval by the Texas Water Development Board satisfied the approval requirement of section 26.032 of the Texas Water Code, allowing the Human Waste Facilities rules adopted by the Medina Court to take effect.[1] Nevertheless, section 2.03 of those rules states that the rules apply to all of the area of Medina County except for the areas regulated under existing Texas Water Development Board Rules, including Chapter 331 of those Rules relating to the Edwards Aquifer. The letter from the TNRCC evidences that the area located on the EARZ is within the area excepted by the Human Waste Facilities rules, because the area is regulated under Texas Water Development Board (now TNRCC) Rules, including those related to the Edwards Aquifer. Therefore, the Human Waste Facilities rules did not provide authority for the Medina Court to impose the one acre minimum lot requirement.

■ Section 366.032 of the Texas Health and Safety Code does allow the Medina Court to adopt orders that contain more stringent standards than those adopted by the TNRCC, provided that the Medina Court followed the procedure set forth in sections 366.031 and 366.032 to obtain TNRCC approval. *See* Tex. Health & Safety Code Ann. § 366.031–366.032 (Vernon Supp.1999); *cf. Quick v. City of Austin,* 7 S.W.3d 109, 121–23 (Tex.1998) (noting city's zoning authority is separate

from city's authority to apply water quality requirements). In its brief, Integrity asserts that the Medina Court did not make any showing that it submitted the Subdivision Rules to the TNRCC for approval. *See* Tex. Health & Safety Code Ann. § 366.031–366.032 (Vernon Supp.1999). However, this assertion ignores that Integrity had the burden of establishing that no genuine issue of material facts existed and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d at 548–49. This assertion also fails to take into account that any doubt is resolved in the nonmovant's favor. *Id.* Applying these summary judgment principles, we conclude that a fact issue exists as to whether the Subdivision Rules were properly authorized under sections 366.031 and 366.032 of the Texas Health and Safety Code. The letter from TNRCC states that the site will conform with applicable codes and requirements of Medina County. This is sufficient to raise some doubt as to whether the requirements referenced by TNRCC include the Subdivision Rules. Integrity could have resolved this doubt by obtaining an affidavit from a TNRCC official. Because it did not, summary judgment granting mandamus relief in its favor was improper.

### Conclusion

The trial court's order granting Integrity mandamus relief is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

GREEN, Justice, dissenting on motions for rehearing.

Both parties filed motions for rehearing. The Medina County Commissioners Court ("the Medina Court") argues, among other things, that this court erred in holding that

---

1. We note that the Human Waste Facilities regulations were approved by the Texas Water Development Board in January of 1984. At that time, both the Texas Water Development Board and the Texas Water Commission

were divisions of the same agency, the Texas Department of Water Resources. *Harris County Municipal Utility Dist. No. 48 v. Mitchell,* 915 S.W.2d 859, 863 n. 5 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

the county was not authorized to impose lot-size restrictions on The Integrity Group's ("Integrity") subdivision because part of the subdivision was located within the Edwards Aquifer Recharge Zone ("the EARZ"). Integrity argues the court erred in holding that a fact issue exists concerning whether the county's rules regulating private sewage facilities were properly authorized. On reconsideration, I believe our opinion and judgment were wrong. I would grant the motion for rehearing.

Pursuant to legislative authority, the Medina Court promulgated and obtained state approval of rules designed to regulate private sewage facilities in new subdivisions in the county (the "subdivision rules"). Excepted from application of these rules are areas located within the EARZ; these areas are regulated by Texas Water Development Board rules, which evidently have a one-acre minimum lot-size requirement. When Integrity applied to the Medina Court for subdivision approval, the Water Development Board rules applied only to those areas of the county actually located within the EARZ. The remainder of the county remained subject to the subdivision rules. It is undisputed that, with the exception of 0.4683 acres of roadway, Integrity's project falls outside of the EARZ. Consequently, the Medina Court was authorized by its subdivision rules to impose restrictions on Integrity's 4.83 acre project except for the 0.4683 acres in the EARZ. The question remains whether the county is authorized through adoption of its subdivision rules to impose minimum lot-size restrictions on subdivisions, This issue was not addressed by the court.

The question of whether the subdivision rules were properly authorized by state law was never challenged below and should not have been addressed by the court. The issue was waived.

The motions for rehearing should be granted. We should withdraw our prior opinion and judgment and proceed to address the question of whether a county may impose minimum lot-size restrictions on subdivisions through the regulation of private sewage facilities. Because a majority of the panel refuses to grant rehearing, I respectfully dissent.