NO. 07-01-0463-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 15, 2001



______________________________




IN RE CEDRIC JONES



 _________________________________






Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON PETITION FOR WRIT OF MANDAMUS


 Relator Cedric Jones, who is incarcerated, has filed a pro se motion for leave to file
a petition for writ of mandamus asking us to order the Honorable Patrick Pirtle, Judge of
the 251st Judicial District of Potter County, to act on his motion for summary judgment,
motion for preliminary injunction and motion for judicial notice of adjudicative facts and
opportunity to be heard. Relator asserts that more than 60 days have elapsed since the
filing of the first two motions and more than 30 days since the filing of the last motion. 
These pleadings have apparently been filed in a lawsuit brought by relator based on
allegations that correctional officers failed to inventory his personal property and lost a
$300 watch, as well as plastic spoons, mugs, bowls, carbon paper, ink, pencil eraser, pens
and soap belonging to him. 

 Relator previously filed in this court a petition for writ of mandamus asking us to
order Judge Pirtle to rule on and grant his pending motions for summary judgment and
preliminary injunction. We denied the application on September 20, 2001, for the reasons
that we have no authority to direct a court to grant relator's motions, relator failed to
provide certified or sworn copies of the motions for summary judgment and preliminary
injunction, and there was nothing to show that the trial court had notice of the motions. 

 Relator has now presented the current petition and attached copies of the three
motions. (1) Relator has also attached a copy of a letter dated September 25, 2001, from
Judge Pirtle to relator indicating that there is pending before the court a motion to dismiss
as frivolous filed by one or more defendants, and that the court anticipates an amended
motion will be filed now that service has been completed with respect to another
defendant. Therefore, the court indicated it would consider, without a hearing, on October
29, 2001, relator's motion for summary judgment and motion for preliminary injunction, as
well as the motion to dismiss and any amended motions filed not later than October 22,
2001. Relator asserts that he filed his motion for judicial notice of adjudicative facts and
opportunity to be heard prior to October 22, 2001. 

 Mandamus will issue only when there is a legal duty to perform a nondiscretionary
act, a demand for performance of that act, and a refusal. Harris County v. Walsweer, 930
S.W.2d 659, 667 (Tex.App.--Houston [1st Dist.] 1996, writ denied). An act is ministerial
when the law clearly spells out the duty to be performed by the official with sufficient
certainty that nothing is left to the exercise of discretion. Medina County Com'rs Court v.
Integrity Group, Inc., 21 S.W.3d 307, 309 (Tex.App.--San Antonio 1999, pet. denied);
Skeen v. Kent, 932 S.W.2d 585, 588 (Tex.App.--Tyler 1995, no writ). For purposes of a
petition for mandamus relief, consideration of a motion properly filed and before the court
is ministerial. Kozacki v. Knize, 883 S.W.2d 760, 762 (Tex.App.--Waco 1994, no writ).

 However, relator is required to file with his petition a certified or sworn copy of every
document that is material to the his claim for relief and which was filed in any underlying
proceeding. Tex. R. App. P. 52.7(a). No clerk's record has been provided, so we have
nothing before us other than relator's statement and verification, without witness by a
notary public, that the trial court has failed to act upon his motions for summary judgment
and for preliminary injunction, or that relator filed his motion for judicial notice of
adjudicative facts prior to October 22, 2001. (2) Thus, in the record before us, there is
nothing to show a refusal on the part of the trial court to consider relator's motions. 
Indeed, the record before us shows that the trial court will consider those motions, and
even if we assume that the trial court has not yet ruled on those matters as relator asserts,
the mere fact that the court has not entered a ruling within two or three weeks of the date
upon which the court indicated it would begin its consideration does not demonstrate its
refusal to do so.

 Thus, relator has at this time failed to meet his burden to establish an entitlement
to mandamus relief. Therefore, his motion for leave to file his petition for writ of mandamus
is denied. 

 Per Curiam

Do not publish. 

 

 
1. None of the copies contain a file stamp showing they have been filed with the court
clerk.
2. Relator's first motion for judicial notice of adjudicative facts essentially requests the
trial court to judicially notice all of the facts asserted in his motion for summary judgment,
as well as some facts which may be relevant to the motion for summary judgment, but
which are not asserted therein.