NO. 07-01-0463-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 15, 2001

_____


IN RE CEDRIC JONES

_____


Before BOYD, C.J., and REAVIS and JOHNSON, JJ.


ON PETITION FOR WRIT OF MANDAMUS


Relator Cedric Jones, who is incarcerated, has filed a pro se motion for leave to file a petition for writ of mandamus asking us to order the Honorable Patrick Pirtle, Judge of the 251st Judicial District of Potter County, to act on his motion for summary judgment, motion for preliminary injunction and motion for judicial notice of adjudicative facts and opportunity to be heard. Relator asserts that more than 60 days have elapsed since the filing of the first two motions and more than 30 days since the filing of the last motion. These pleadings have apparently been filed in a lawsuit brought by relator based on allegations that correctional officers failed to inventory his personal property and lost a

$300 watch, as well as plastic spoons, mugs, bowls, carbon paper, ink, pencil eraser, pens and soap belonging to him.

Relator previously filed in this court a petition for writ of mandamus asking us to order Judge Pirtle to rule on and grant his pending motions for summary judgment and preliminary injunction. We denied the application on September 20, 2001, for the reasons that we have no authority to direct a court to grant relator's motions, relator failed to provide certified or sworn copies of the motions for summary judgment and preliminary injunction, and there was nothing to show that the trial court had notice of the motions.

Relator has now presented the current petition and attached copies of the three motions.[1] Relator has also attached a copy of a letter dated September 25, 2001, from Judge Pirtle to relator indicating that there is pending before the court a motion to dismiss as frivolous filed by one or more defendants, and that the court anticipates an amended motion will be filed now that service has been completed with respect to another defendant. Therefore, the court indicated it would consider, without a hearing, on October 29, 2001, relator's motion for summary judgment and motion for preliminary injunction, as well as the motion to dismiss and any amended motions filed not later than October 22, 2001. Relator asserts that he filed his motion for judicial notice of adjudicative facts and opportunity to be heard prior to October 22, 2001.

---

[1]None of the copies contain a file stamp showing they have been filed with the court clerk.

2

Mandamus will issue only when there is a legal duty to perform a nondiscretionary act, a demand for performance of that act, and a refusal. *Harris County v. Walsweer*, 930 S.W.2d 659, 667 (Tex.App.--Houston [1st Dist.] 1996, writ denied). An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion. *Medina County Com'rs Court v. Integrity Group, Inc.*, 21 S.W.3d 307, 309 (Tex.App.--San Antonio 1999, pet. denied); *Skeen v. Kent*, 932 S.W.2d 585, 588 (Tex.App.--Tyler 1995, no writ). For purposes of a petition for mandamus relief, consideration of a motion properly filed and before the court is ministerial. *Kozacki v. Knize,* 883 S.W.2d 760, 762 (Tex.App.--Waco 1994, no writ).

However, relator is required to file with his petition a certified or sworn copy of every document that is material to the his claim for relief and which was filed in any underlying proceeding. Tex. R. App. P. 52.7(a). No clerk's record has been provided, so we have nothing before us other than relator's statement and verification, without witness by a notary public, that the trial court has failed to act upon his motions for summary judgment and for preliminary injunction, or that relator filed his motion for judicial notice of adjudicative facts prior to October 22, 2001.[2] Thus, in the record before us, there is nothing to show a refusal on the part of the trial court to consider relator's motions. Indeed, the record before us shows that the trial court will consider those motions, and

---

[2]Relator's first motion for judicial notice of adjudicative facts essentially requests the trial court to judicially notice all of the facts asserted in his motion for summary judgment, as well as some facts which may be relevant to the motion for summary judgment, but which are not asserted therein.

even if we assume that the trial court has not yet ruled on those matters as relator asserts, the mere fact that the court has not entered a ruling within two or three weeks of the date upon which the court indicated it would begin its consideration does not demonstrate its refusal to do so.

Thus, relator has at this time failed to meet his burden to establish an entitlement to mandamus relief. Therefore, his motion for leave to file his petition for writ of mandamus is denied.

Per Curiam

Do not publish.

4