NO. 07-02-0087-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 19, 2002



______________________________




IN THE MATTER OF THE MARRIAGE OF


LYBBY L. BAGGETT AND LARRY K. BAGGETT






_________________________________



FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;



NO. 01-04-18,365; HONORABLE ANDY KUPPER, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION TO DISMISS


 Larry K. Baggett (Larry) and Lybby L. Baggett (Lybby) have both appealed from a
divorce decree entered by the trial court on November 16, 2001. The reporter's and clerk's
records have been filed. We now have before us a motion filed by Lybby in which she
requests that we dismiss Larry's appeal because he has "voluntarily accepted benefits from
the divorce decree." She cites no authority in support of her request. We also have before
us Larry's request for an extension of time to file his appeal brief until May 2, 2002, due to
his need to respond to the motion to dismiss and other trial commitments of his counsel. 

 It has been held that a litigant may not treat a judgment as both right and wrong by
voluntarily accepting benefits awarded by it and also prosecuting an appeal from it. Carle
v. Carle, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950). However, the rule does not apply
when a reversal of the judgment on the grounds asserted by the appellant could not
possibly affect the benefits received. Demler v. Demler, 836 S.W.2d 696, 697 (Tex.App.--
Dallas 1992, no writ); see also Matter of Marriage of Beavers, 648 S.W.2d 729, 732
(Tex.App.--Amarillo 1983, no writ). 

 In support of her motion to dismiss, Lybby references testimony by Larry at a
hearing on post-judgment motions in which he states he took some of his clothes and
some barrels, bullets, primers, and powder that he needed to compete with his target rifles,
which were allegedly awarded to him in the final divorce decree. However, Larry's notice
of appeal does not give any indication of the issues he intends to assert on appeal and,
since he has not yet filed his brief, we have no way of knowing what those issues might be
and whether reversal of the divorce decree based on those issues could possibly have an
effect on the award of those items. 

 Accordingly, we overrule Lybby's motion to dismiss at this time. Further, Larry is
hereby granted until May 2, 2002, to file his brief in this appeal. 

 Per Curiam

Do not publish. 



left to the exercise of discretion. Medina County Com'rs Court v.
Integrity Group, Inc., 21 S.W.3d 307, 309 (Tex.App.--San Antonio 1999, pet. denied);
Skeen v. Kent, 932 S.W.2d 585, 588 (Tex.App.--Tyler 1995, no writ). For purposes of a
petition for mandamus relief, consideration of a motion properly filed and before the court
is ministerial. Kozacki v. Knize, 883 S.W.2d 760, 762 (Tex.App.--Waco 1994, no writ).

 However, relator is required to file with his petition a certified or sworn copy of every
document that is material to the his claim for relief and which was filed in any underlying
proceeding. Tex. R. App. P. 52.7(a). No clerk's record has been provided, so we have
nothing before us other than relator's statement and verification, without witness by a
notary public, that the trial court has failed to act upon his motions for summary judgment
and for preliminary injunction, or that relator filed his motion for judicial notice of
adjudicative facts prior to October 22, 2001. (2) Thus, in the record before us, there is
nothing to show a refusal on the part of the trial court to consider relator's motions. 
Indeed, the record before us shows that the trial court will consider those motions, and
even if we assume that the trial court has not yet ruled on those matters as relator asserts,
the mere fact that the court has not entered a ruling within two or three weeks of the date
upon which the court indicated it would begin its consideration does not demonstrate its
refusal to do so.

 Thus, relator has at this time failed to meet his burden to establish an entitlement
to mandamus relief. Therefore, his motion for leave to file his petition for writ of mandamus
is denied. 

 Per Curiam

Do not publish. 

 

 
1. None of the copies contain a file stamp showing they have been filed with the court
clerk.
2. Relator's first motion for judicial notice of adjudicative facts essentially requests the
trial court to judicially notice all of the facts asserted in his motion for summary judgment,
as well as some facts which may be relevant to the motion for summary judgment, but
which are not asserted therein.