**W.A. "Andy" MEYERS, Individually and in his Capacity as Fort Bend County Commissioner, Appellant**

v.

**JDC/FIRETHORNE, LTD., a Texas Limited Partnership, Appellee**

NO. 14–15–00860–CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed December 22, 2016.

Don Chester Griffin Jr., H. Dixon Montague, Houston, TX, for Appellee.

Panel consists of Justices Christopher, McCally, and Busby.

## OPINION

Tracy Christopher, Justice

In this accelerated interlocutory appeal, we are asked to determine whether the developer of a subdivision in Fort Bend County sufficiently pleaded an *ultra vires* claim against a county commissioner related to the processing of two plat applications. The developer, JDC/Firethorne, Ltd., brought suit seeking a writ of mandamus and injunctive relief against Fort Bend County, Fort Bend County Commissioners Court, the county engineer, and County Commissioner W.A. "Andy" Meyers. With respect to Meyers, JDC/Firethorne alleges that he acted without legal authority, or *ultra vires*, in directing or instructing the county engineer to hold or delay the submitted plat applications. Commissioner Meyers filed a plea to the jurisdiction asserting that governmental immunity barred the claims and suit against him. The trial court denied the plea. We conclude that JDC/Firethorne sufficiently pleaded an *ultra vires* claim against Meyers such that the trial court has subject-matter jurisdiction. We affirm.

## Background

The Firethorne subdivision is a 1400-acre master-planned community located in the extraterritorial jurisdiction of the City of Fulshear. The subdivision falls within Precinct 3 of Fort Bend County, and Meyers is the county commissioner for Precinct 3.

Roy L. Cordes, Jr., Marcus D. Spencer, Richmond, TX, J. Mark Breeding, Frederick D. Junkin, Houston, TX, for Appellant.

According to its pleadings, JDC/Firethorne began developing the subdivision in late 2003/early 2004, and has obtained ap-

proval from the County for more than forty separate plat applications and construction plans. To obtain approval for a plat in Fort Bend County, a developer must follow the requirements set forth in Chapter 232 of the Local Government Code and the Fort Bend County Regulations of Subdivisions. As discussed in greater detail below, those requirements provide that the county engineer will: (1) set forth a list of documents and other information that must be submitted with a plat application; (2) notify the applicant within ten days after receiving the plat application if anything is missing; and (3) within sixty days after receiving the completed plat application, present the plat application to the county commissioners court for approval.

JDC/Firethorne alleges that it successfully completed this plat-application process for the majority of its plat applications but that, between January 2014 and October 2014, the process broke down. JDC/Firethorne submitted plat applications and construction plans for eight additional sections—Firethorne West Sections 11, 12, 14, 15, 16, 17, 18, and 19—that it contends were placed on "indefinite hold" in an effort to extract a concession from JDC/Firethorne to construct four lanes of West Firethorne Road. JDC/Firethorne had previously agreed to construct only two lanes of West Firethorne Road.[1]

After an unsuccessful attempt to resolve the dispute through mediation, JDC/Firethorne filed this lawsuit seeking mandamus relief requiring the county engineer to present to the commissioners court for approval the plat applications related to Sections 16 and 19.[2] It is undisputed that the plat applications and construction plans for Sections 16 and 19 were submitted to the county engineer in May and July of 2014, but have not yet (so far as our record reflects) been submitted to or approved by the commissioners court. JDC/Firethorne maintains that the county engineer's act of presenting the completed plat applications to the commissioners court, and the commissioners court's act of approving the plat applications, are both ministerial, non-discretionary functions subject to mandamus relief.

JDC/Firethorne also seeks injunctive relief against Commissioner Meyers in his individual and official capacities. JDC/Firethorne pleaded that Meyers is impermissibly instructing or directing the county engineer to hold its plat applications for Sections 16 and 19 in an effort to extract a concession from JDC/Firethorne to build all four lanes of West Firethorne Road. According to JDC/Firethorne, the county engineering department communicated to its representative that "Meyers did not want Fort Bend County Engineering to move forward with the submitted plats and construction plans until JDC/Firethorne agreed to construct all four lanes of West Firethorne Road." JDC/Firethorne also points in its amended pleading to email correspondence between Meyers and the county engineer that JDC/Firethorne contends shows the county engineer is not

---

1. JDC/Firethorne pleaded that the county engineer had previously acknowledged in an approved plat that JDC/Firethorne would construct only two, and not four, of the lanes of West Firethorne Road.

2. In its Original Petition for Writ of Mandamus and Injunctive Relief, JDC/Firethorne sought mandamus relief on the submitted plat for Section 19 only in an effort to "expedite

discovery and ruling from [the] Court as to the legality of Fort Bend County's conduct." After the trial court denied Meyers's plea to the jurisdiction, JDC/Firethorne amended its pleading to add Section 16 in its request for relief. Meyers challenges the trial court's subject-matter jurisdiction with respect to both Sections 16 and 19 in this appeal, and we therefore address both sections.

acting on the plats due to Meyers's "request to Engineering" and an email showing that Meyers is applying his own "rule of thumb," rather than an express statute or rule, in determining which roads developers must build. JDC/Firethorne thus seeks permanent injunctive relief directing that Meyers, individually and in his capacity as a Fort Bend County Commissioner, "cease and desist—in the future—from instructing the Fort Bend County Engineering Department to 'hold,' 'delay,' or otherwise impede plats and construction plans submitted by JDC/Firethorne to Fort Bend County for approval."

After the defendants answered and the parties conducted limited written discovery, Meyers filed his plea to the jurisdiction on grounds that JDC/Firethorne's claim against him was barred by governmental immunity.[3] Meyers argued that immunity bars suits to control a political subdivision's actions absent a valid legislative waiver of that immunity. He further contended that JDC/Firethorne could not proceed under the *ultra vires* exception to immunity because: (1) commissioners courts exercise general control over county roads and thus he has discretion that precludes an *ultra vires* claim; and (2) JDC/Firethorne did not allege any illegal or unlawful acts by him. In his plea, Meyers did not dispute that he instructed or asked the county engineer to hold up the plat-approval process for Section 19; instead, he acknowledged the allegation against him and argued that nothing in the petition alleged a basis for concluding that talking to other county officials regarding county business was illegal. Meyers did not attach any evidence to his plea to the jurisdiction.

The trial court held an oral hearing on Meyers's plea. Noting that Meyers "is a critical part of this entire matter because he's inserting himself in it" for purposes of jurisdiction, the trial court denied the plea to the jurisdiction with leave to reassert it after further discovery. Meyers timely appealed the trial court's interlocutory order pursuant to Texas Civil Practice and Remedies Code section 51.014(a)(8) (West Supp. 2016).

### Analysis

In one issue, Meyers contends that the trial court erred in denying his plea to the jurisdiction because the claim against him for injunctive relief is barred by governmental immunity. In determining whether JDC/Firethorne's allegations sufficiently state an *ultra vires* claim against Meyers as an exception to immunity, we look to the language of the applicable statutes and subdivision regulations for plat applications in Fort Bend County. We will then identify JDC/Firethorne's allegations and address the parties' arguments about whether, under relevant statutory, regulatory, and case law, the allegations are sufficient to invoke the trial court's jurisdiction over the suit as pleaded.

### A. *Standard of review.*

A government actor's claim of immunity from suit is a challenge to the district court's subject-matter jurisdiction. *See Hous. Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). The existence of subject-matter jurisdiction is a question of law that we review de novo. *Hous. Belt & Terminal Ry.*, 487 S.W.3d at 160. In support of a plea to the jurisdiction asserting governmental immunity, a defendant may chal-

---

3. Only Meyers filed a plea to the jurisdiction. The County, the county engineer, and the Commissioners Court have not challenged the trial court's subject-matter jurisdiction.

lenge the plaintiff's pleadings or it may challenge the existence of jurisdictional facts. *See City of Waco v. Kirwan*, 298 S.W.3d 618, 621–22 (Tex. 2009). "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009) (quoting *Miranda*, 133 S.W.3d at 226).

In reviewing a plea to the jurisdiction, we construe the pleadings liberally in favor of the pleader, take all factual assertions as true, and look to the pleader's intent. *See City of Ingleside v. City of Corpus Christi*, 469 S.W.3d 589, 590 (Tex. 2015) (per curiam). "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Miranda*, 133 S.W.3d at 227–28. If the pleadings are not sufficient to demonstrate jurisdiction, an opportunity to replead should be given unless the pleadings affirmatively negate jurisdiction. *See Hous. Belt & Terminal Ry.*, 487 S.W.3d at 160; *Miranda*, 133 S.W.3d at 226–27.

B. *Sovereign immunity and the* ultra vires *exception.*

Sovereign immunity protects the State from being sued, and from liability for money damages, unless the immunity has been waived. *See Heinrich*, 284 S.W.3d at 369–70 (citing *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006) (op. on reh'g)). Absent waiver, political subdivisions of the state are also entitled to immunity, which is then referred to as governmental immunity. *See Henry v. Sullivan*, 499 S.W.3d 545, 555 (Tex. App.–Houston [14th Dist.] 2016, pet. filed) (sub. op.). Government officials sued in their

official capacities generally have the same immunity as their employer. *Id.*

Governmental immunity, though providing broad protection to the governmental entity and its officers, does not bar a suit against a government officer who acts outside of his or her authority. *See Hous. Belt & Terminal Ry.*, 487 S.W.3d at 161. An official who commits an *ultra vires* act is not immune from suit because "[a] state official's illegal or unauthorized actions are not acts of the State." *See Heinrich*, 284 S.W.3d at 370 (quoting *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 404 (Tex. 1997) (*superseded by statute on other grounds as stated in Gen. Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 593 (Tex. 2001))). To fall within the *ultra vires* exception, "a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Hous. Belt & Terminal Ry.*, 487 S.W.3d at 162 (quoting *Heinrich*, 284 S.W.3d at 372). In *Houston Belt & Terminal Railway*, the Texas Supreme Court addressed in detail the *ultra vires* exception to governmental immunity in relation to an official's exercise of discretion. It clarified that

> the principle arising out of *Heinrich* and its progeny is that governmental immunity bars suits complaining of an exercise of *absolute* discretion but not suits complaining of *either* an officer's failure to perform a ministerial act *or* an officer's exercise of judgment or *limited* discretion without reference to or in conflict with the constraints of the law authorizing the official to act.

*Id.* at 163. Thus, while governmental-immunity protections remain robust, they are not without limit. *See id.*

C. *Did JDC/Firethorne sufficiently plead an* ultra vires *claim against Meyers?*

As noted above, to determine whether JDC/Firethorne sufficiently pleaded that Meyers acted outside of or without legal authority, we compare its allegations to the applicable statutes and regulations governing the conduct at issue. *See id.* at 164 ("In light of this clarification, we look to the ordinance's language to determine whether the railroads have properly alleged that [the official] acted *ultra vires*."). When interpreting a statute, our primary objective is to give effect to the legislature's intent. *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011); *see also* TEX. GOV'T CODE ANN. § 312.005 (West 2013). In interpreting a statute, we give words their plain and ordinary meaning and we construe the statute in a way that avoids rendering any word or provision meaningless. *See Hous. Belt & Terminal Ry.*, 487 S.W.3d at 164. Administrative rules and regulations ordinarily are construed in the same way as statutes. *See Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 310 (Tex. 1976).

1. *Local Government Code Section 232.0025 and Regulations of Subdivisions Section 2.6.*

Plat applications for subdivision developments in Fort Bend County are governed by Chapter 232 of the Texas Local Government Code and the Fort Bend County Regulations of Subdivisions. Local Government Code Section 232.0025, titled Timely Approval of Plats, provides in part as follows:

(a) The commissioners court of a county or a person designated by the commissioners court shall issue a written list of the documentation and other information that must be submitted with a plat application. The documentation or other information must relate to a requirement authorized under this section or other applicable law. An application submitted to the commissioners court or the person designated by the commissioners court that contains the documents and other information on the list is considered complete.

(b) If a person submits a plat application to the commissioners court that does not include all of the documentation or other information required by Subsection (a), the commissioners court or the court's designee shall, not later than the 10th business day after the date the commissioners court receives the application, notify the applicant of the missing documents or other information. The commissioners court shall allow an applicant to timely submit the missing documents or other information.

. . . .

(d) Except as provided by Subsection (f), the commissioners court or the court's designee shall take final action on a plat application, including the resolution of all appeals, not later than the 60th day after the date a completed plat application is received by the commissioners court or the court's designee.

. . . .

(i) If the commissioners court or the court's designee fails to take final action on the plat as required by Subsection (d):

. . . .

(2) the plat application is granted by operation of law; and

(3) the applicant may apply to a district court in the county where the tract of land is located for a writ of mandamus to compel the commissioners court to issue documents recognizing the plat's approval.

TEX. LOC. GOV'T CODE ANN. § 232.0025 (West 2016).

The relevant provisions from the Fort Bend County Regulations of Subdivisions mirror Section 232.0025, but list the county engineer as the person charged with reviewing and submitting the completed plat applications to the commissioners court. Section 2.6 provides in pertinent part:

A. The County Engineer shall issue a written list of the documentation and other information that must be submitted with a plat application .... An application submitted to the County Engineer that contains the documents and other information on the list will be considered complete.

 . . . .

D. Except as provided by *(Section 2, 2.6 F.)*, the County Engineer shall present a completed plat application, including the resolution of all appeals, to the County Commissioner' [sic] Court not later than the 60th day after the date a completed plat application is received by the County Engineer.

 . . . .

I. If the Commissioner' [sic] Court fails to take final action on the plat as required by *(Section 2, 2.6 D.)*[,]

 1. the plat application is granted by operation of law; and

 2. the applicant may apply to a District Court in the county where the tract of land is located for a writ of mandamus to compel the Commissioners' Court to issue documents recognizing the plat's approval.

Fort Bend County, Tex., Regulations of Subdivisions § 2.6 (as adopted Aug. 27, 2002 and revised Sept. 9, 2003, Jan. 6, 2004, Aug. 24, 2004, & Apr. 26, 2005).

Under these provisions, once a completed plat application is received by the county engineer, the plat application must be forwarded to the commissioners court for approval within sixty days. *See id.* at § 2.6(D).

*2. JDC/Firethorne's pleadings.*

 In its pleadings, JDC/Firethorne alleges that Meyers is acting without legal authority in two related respects. First, it contends that Meyers is improperly instructing or directing the engineering department to hold or delay the plat applications and construction plans for West Firethorne Sections 16 and 19,[4] and in doing so is acting outside of his authority as a Fort Bend County Commissioner. Second, JDC/Firethorne pleaded that Meyers is causing the county engineering department to "hold up" completion of the Firethorne development to exact a concession (to build all four lanes of West Firethorne Road) that is not set forth in the Regulations of Subdivisions, but is instead based on his "rule of thumb" for determining when developers must construct major thoroughfares.

In support of these allegations, JDC/Firethorne included two emails in its response to Meyers's plea to the jurisdiction. In the first email, from the county engineer to Meyers, the county engineer stated "in support of your request to Engineering, regarding the construction of W. Firethorne, we are not reviewing their subdivision plat at this time." In the second email, Meyers explained that he applied his own "rule of thumb" in deciding whether a developer has to construct certain roads. JDC/Firethorne argues that this "rule of

---

4. JDC/Firethorne also alleges that Meyers and the county engineer have improperly requested that the City of Fulshear "hold" JDC/Firethorne's plat application and construction plans and attached an email from the county engineer to Meyers stating, "Given the disagreement on what portions of the roads will be built, the City [of Fulshear] has agreed to not approve the plats until they receive the release letter from the County."

thumb" email shows that Meyers is not relying on any express statute or regulation in requiring it to build all four lanes of West Firethorne Road, and that without specific statutory authority, the County and the county commissioners are acting without legal authority.

Construing JDC/Firethorne's pleadings liberally and indulging all inferences in its favor as we must, we conclude that JDC/Firethorne sufficiently stated an *ultra vires* claim against Meyers. There is no express statutory or regulatory authority allowing Meyers to halt or hold submission of a completed plat application. Under Section 232.0025 of the Government Code and Section 2.6 of the Regulations of Subdivisions, the county engineer has responsibility over the review of plat applications and their submission to the commissioners court within the sixty-day timeframe. *See* Tex. Loc. Gov't Code Ann. § 232.0025(d); Regulations of Subdivisions § 2.6(D). A completed plat application must be submitted to the commissioners court. *See* Regulations of Subdivisions § 2.6(D). The commissioners court must take final action on the completed plat application within the same timeframe or it is granted by operation of law. *See* Tex. Loc. Gov't Code Ann. § 232.0025(d), (i); Regulations of Subdivisions § 2.6(D), (I). Nothing in the statute or the Regulations grants a county commissioner any authority to delay or hold the submission of plat applications beyond the time allowed in the statute and regulations.[5] Thus, Meyers's actions in halting the processing of plat applications, if true, would be without legal authority under the very definition of *ultra vires. See Hous.*

*Belt & Terminal Ry.*, 487 S.W.3d at 161 ("[W]hile governmental immunity provides broad protection to the state and its officers, it does not bar a suit against a government officer for acting outside his authority—i.e., an *ultra vires* suit."); *City of Sherman v. Pub. Util. Comm'n of Tex.*, 643 S.W.2d 681, 686 (Tex. 1983) (trial court had jurisdiction over, and properly enjoined, agency from exercising a power not expressly or impliedly granted to it by statute).

■ Likewise, the trial court has jurisdiction over JDC/Firethorne's claim that Meyers is holding up the plat applications in order to exact an improper concession that JDC/Firethorne build all four lanes of West Firethorne Road. In determining whether to approve a plat, a commissioners court cannot impose additional substantive requirements not contained within the statute for approval. *See Medina Cty. Comm'rs Court v. The Integrity Grp., Inc.*, 21 S.W.3d 307, 309 (Tex. App.–San Antonio 1999, pet. denied); *Comm'rs' Court v. Frank Jester Dev. Co.*, 199 S.W.2d 1004, 1007 (Tex. Civ. App.–Dallas 1947, writ ref'd n.r.e.). To the extent Meyers is attempting to extract a concession from JDC/Firethorne to build all four lanes based on requirements not found within the statutes or regulations (i.e., Meyers's "rule of thumb"), such action would be *ultra vires. See Integrity Grp.*, 21 S.W.3d at 310 (commissioners court cannot refuse to approve plat based on lot size if specification not found in rules); *Frank Jester Dev. Co.*, 199 S.W.2d at 1007.

**5.** Meyers concedes in his brief that "[a] single county commissioner simply does not have the authority either to modify the Regulations or to require the County Engineering Department to depart from the established procedures for the processing of plat applications." Meyers argues that this fact means he could not have been the cause of JDC/Firethorne's legal injury and thus precludes the suit against him. We disagree that Meyers cannot be the cause of the injury about which JDC/Firethorne complains, and we address this complaint in detail in Section 3 below.

We emphasize that we do not determine the merits of JDC/Firethorne's claims at this stage—only that the pleadings and the evidence attached to JDC/Firethorne's response to the plea raise a fact issue as to whether Meyers acted without legal authority for purposes of demonstrating the district court's jurisdiction. *See Hous. Belt & Terminal Ry.*, 487 S.W.3d at 169 (plaintiff need only allege government official acted outside his discretion by using an unreliable or dissimilar method to demonstrate court's jurisdiction; court need not conclusively *decide* method was dissimilar or unreliable on plea to the jurisdiction); *Heinrich*, 284 S.W.3d at 378 (if jurisdictional evidence creates a fact question, then issue must be resolved by fact-finder).

We now turn to Meyers's arguments against the trial court's exercise of jurisdiction under the *ultra vires* exception.

3. *Meyers is a responsible government actor.*

 Meyers argues that the trial court cannot exert jurisdiction under an *ultra vires* theory because the county engineer—not Meyers—is the party charged with responsibility for plat-application processing. Thus, according to Meyers, he cannot be the cause of any legal injury complained of by JDC/Firethorne, thereby negating any *ultra vires* claim against him. We find this argument unpersuasive.

In *Heinrich*, the Texas Supreme Court clarified an area of *ultra vires* jurisprudence that had previously been the subject of some confusion: who is the proper defendant for purposes of an *ultra vires* claim. *See Heinrich*, 284 S.W.3d at 373. The court held that *ultra vires* claims must be brought against the relevant government actors in their official capacity. *See id.*; *see also Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (per curiam) (under *Heinrich*, the proper defendant in an *ultra vires* claim is the official whose acts or omissions allegedly trampled on the plaintiff's rights, rather than the agency).

We recently applied this principle in *Lone Star College System v. Immigration Reform Coalition of Texas (IRCOT)*, where we determined that the plaintiff had properly sued the chancellor of the college system for alleged *ultra vires* acts relating to the distribution of grants to students who were present in the country illegally, even though the chancellor was not the official who distributed the grants. 418 S.W.3d 263, 272 (Tex. App.–Houston [14th Dist.] 2013, pet. denied) (sub. op.). In *Lone Star College System*, the chancellor argued that he was not the proper party for purposes of the plaintiffs' *ultra vires* claim because he himself had not acted in any way without authority since he was not the party who actually distributed the grants. *See id.* Noting the plaintiff's allegations that the chancellor had the authority to direct the work of the employees who did distribute the grants, we concluded that the chancellor was in fact an "allegedly responsible government actor" under these circumstances. *Id.*

Likewise, although Meyers is not the representative processing the plat applications, JDC/Firethorne has alleged that, as a county commissioner, Meyers is exerting influence over the county engineer and that the county engineer is responding to Meyers's influence by holding the processing of JDC/Firethorne's plat applications. In fact, statutory provisions establish that the county engineer is hired by the commissioners court and the county engineer must answer to the commissioners court. *See* Tex. Transp. Code Ann. § 252.304(a) (West 2013) (commissioners court appoints county engineer); *id.* § 252.309(e)(1) (West 2013) (county engineer shall ensure

that the policies of the commissioners court relating to county roads are faithfully executed). The jurisdictional pleadings and evidence, at a minimum, raise a fact issue as to whether the county engineer is violating the plat-application and plat-approval statutes and regulations at the behest or direction of Meyers. Moreover, the commissioners court itself has a statutory duty to take final action on a completed plat application within 60 days of receipt. *See* TEX. LOC. GOV'T CODE ANN. § 232.0025(d). In these circumstances, JDC/Firethorne has sufficiently pleaded that Meyers is a responsible government actor for purposes of its *ultra vires* claim. *See Lone Star Coll. Sys.*, 418 S.W.3d at 272.

JDC/Firethorne has alleged that two county officials committed complementary *ultra vires* acts: (1) the county engineer failed to perform a ministerial duty to comply with the plat-processing deadlines in the Local Government Code and the Regulations of Subdivisions; and (2) Meyers acted without authorization in instructing the county engineer to halt or delay the process. Meyers has no more right to governmental immunity for giving such an instruction than the county engineer has for obeying it. To hold otherwise would allow Meyers to thwart the deadlines for plat approval set forth in Section 232.0025 of the Local Government Code and Section 2.6 of the Regulations of Subdivisions by doing indirectly what the county engineer cannot do directly.

4. *Meyers's free-speech rights do not establish his immunity.*

■ Meyers next contends that he is protected by governmental immunity because he has a First Amendment free-speech right to communicate with the engineering department regarding his views on JDC/Firethorne's plat applications. Meyers argues that the injunctive relief JDC/Firethorne seeks would prohibit him from engaging in speech that JDC/Firethorne finds objectionable. We disagree with Meyers's characterization of JDC/Firethorne's pleading and request for injunctive relief.

JDC/Firethorne seeks a prospective injunction enjoining Meyers, individually and in his capacity as a Fort Bend County Commissioner, from "instructing the Fort Bend County Engineering Department to 'hold,' 'delay,' or otherwise impede plats and construction plans submitted by JDC/Firethorne to Fort Bend County for approval." JDC/Firethorne further explained that the requested relief includes "any further demand by Commissioner Meyers that Fort Bend County Engineering Department delay action on any submitted plat or construction plans for the Firethorne subdivision conditioned upon JDC/Firethorne agreeing to construct all four lanes of West Firethorne Road within the physical boundaries of the Firethorne subdivision."

As JDC/Firethorne readily admits in its brief, it "does not seek to prevent Commissioner Meyers from 'expressing' any views regarding the propriety of an appropriate action regarding any plats or construction plans JDC/Firethorne may submit in the future." Rather, JDC/Firethorne seeks to prevent Meyers from instructing or requesting the engineering department to hold, delay, or otherwise impede plats and construction plans submitted by JDC/Firethorne in violation of the statutes and regulations. Of course, the trial court will have to determine whether the elements for injunctive relief are met and the proper parameters for such relief before an injunction could be granted, but JDC/Firethorne does not seek to restrain Meyers from speaking *at all* to other county officials regarding the plats.

■ While Meyers concludes that he has a constitutional free-speech right to communicate with the county engineering department, he does not contend that he has a constitutional right to instruct a county official to violate the Local Government Code and the Regulations of Subdivisions. Even assuming that Meyers intended to imply such an argument, he has cited no authority, nor have we located any, that a county commissioner has a free-speech right to order or direct another county official to violate a statute or regulation.[6] Although the cases cited by Meyers recognize that governmental officials retain their rights to free speech, none involve a government official instructing or directing another party to violate statutory or regulatory law. *See, e.g., Rangra v. Brown*, 566 F.3d 515, 520 (5th Cir. 2009), *dism'd en banc as moot*, 584 F.3d 206 (2009) (reviewing council members' § 1983 challenge to the criminal provisions of the Texas Open Meetings Act); *Colson v. Grohman*, 174 F.3d 498, 506 (5th Cir. 1999) (involving claims by council member that she was subjected to retaliation for certain views and votes made while a council member). None of the cases Meyers cites concern governmental immunity or *ultra vires* claims. The cases cited by Meyers are simply inapposite. The *ultra vires* claim asserted against Meyers is not defeated on the basis of his right to free speech.

5. *The* ultra vires *claim does not implicate discretionary acts by Meyers.*

■ As both parties agree, under sovereign-immunity jurisprudence, *ultra vires* claims may not be used to control a state actor's purely discretionary decisions. *See Heinrich*, 284 S.W.3d at 372; *see also Hous. Belt & Terminal Ry.*, 487 S.W.3d at 163 (describing rules governing *ultra vires* claims in context of discretionary decisions or actions of government actors). Meyers argues that JDC/Firethorne's claim against him must fail because, under Section 5 of the Regulations of Subdivisions, county officials have discretion regarding the design and construction of roadways in a subdivision. According to Meyers, any communications he has with the engineering department thus involve matters of discretion.

Meyers's reliance on the provisions of Section 5 of the Regulations of Subdivisions concerning design and construction of roadways is misplaced. While Section 5 does contain guidelines for the construction of roadways and major thoroughfares, it does not grant any discretion to a county commissioner with regard to the plat-approval process. *See* Regulations of Subdivisions § 5.

JDC/Firethorne's claim of *ultra vires* conduct is based on the provisions found in the Local Government Code's plat-approval statute, Section 232.0025, and on Regulations of Subdivisions Section 2.6. JDC/Firethorne pleaded that Meyers has no authority under the plat-approval statute or regulations to indefinitely stop or halt the plat-approval process. Any discretion a commissioners court, and by extension any commissioner, has with regard to plat approval is limited by the express

---

**6.** Courts in fact allow incidental restraints on speech where certain unlawful conduct is at issue. *See, e.g., R.A.V. v. City of St. Paul*, 505 U.S. 377, 389, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992) ("Moreover, since words can in some circumstances violate laws directed not against speech but against conduct (a law against treason, for example, is violated by telling the enemy the Nation's defense secrets), a particular content-based subcategory of a proscribable class of speech can be swept up incidentally ...."); *see also Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 580 (5th Cir. 2005) (noting that a properly drawn injunction may enjoin prior speech to prevent one party from threatening or harassing another party).

provisions of the statute and the Regulations. *See* Tex. Loc. Gov't Code Ann. § 232.0025(i) (providing for approval by operation of law if commissioners court does not timely act on plat application); Regulations of Subdivisions § 2.6(I) (same). Moreover, a commissioners court has no authority to add substantive requirements not contained within the statutes or the adopted regulations concerning plat approval. *See Integrity Grp.*, 21 S.W.3d at 309. Because any discretion involving the plat applications is not absolute, immunity does not bar JDC/Firethorne's claim that Meyers would be acting without legal authority in directing or instructing the county engineer to halt the plat-approval process in violation of the statute. *See Hous. Belt & Terminal Ry.*, 487 S.W.3d at 163 ("Only when such absolute discretion—free decision-making without any constraints—is granted are *ultra vires* suits absolutely barred. And, as a general rule, 'a public officer has no discretion or authority to misinterpret the law.'" (quoting *In re Smith*, 333 S.W.3d 582, 585 (Tex. 2011) (orig. proceeding))). We decline to read Section 5 governing the design and construction of roadways as granting Meyers unlimited discretion in every regard, because such a reading would render the plat-approval deadlines in Section 232.0025 of the Local Government Code and Section 2.6 of the Regulations of Subdivisions meaningless. *See id.* at 164. We overrule Meyers's sole issue on appeal.

### Conclusion

Construing the pleadings liberally in JDC/Firethorne's favor, we conclude that JDC/Firethorne demonstrated the trial court's subject-matter jurisdiction over the *ultra vires* claim against Meyers. Whether JDC/Firethorne can ultimately prove the *ultra vires* claim, such that the elements for mandamus or injunctive relief exist, is an issue for the trial court to consider after the case develops on remand. We affirm the trial court's order and remand the case for further proceedings.