PROJECTS AMERICAN
CORP., Appellant,

v.

The Honorable Sam HILLIARD,
County Judge of Van Zandt
County, et al., Appellees.

No. 12–85–0164–CV.

Court of Appeals of Texas,
Tyler.

May 22, 1986.

Michael B. Lee, Houston, for appellant.

Tommy Wallace, Criminal Dist. Atty., Canton, for appellees.

SUMMERS, Chief Justice.

This is an appeal from the denial of an application for writ of mandamus. The facts are undisputed: Projects American Corporation (Projects American), owner of certain real property situated outside the corporate limits of any city and located wholly within Van Zandt County, decided to subdivide the same to create and develop a subdivision. Projects American caused a plat to be made of the property, in accordance with Tex.Rev.Civ.Stat.Ann. art. 6702–1, § 2.401 (Vernon Supp.1985). On January 14, 1985, Projects American tendered the plat to the Commissioners Court of Van Zandt County. After hearing testimony by landowners opposing the proposed subdivision development, the commissioners court refused to approve the plat. As a result, the County Clerk of Van Zandt County could not accept the plat for filing. Projects American then sought a writ of mandamus from the trial court to compel the commissioners court to retract the decision denying approval of the plat and to substitute a decision approving the filing. The trial court held two hearings at which it received stipulations by the parties and two exhibits, namely, the subdivision plat and a certified copy of the minutes of the January 14 commissioners court session. The trial court thereafter denied Projects American's petition for writ of mandamus, basing its denial upon findings of fact and conclusions of law.[1] We reverse and remand with instruction.

---

1. FINDINGS OF FACT

1. Plaintiff owns certain real property located within Van Zandt County, Texas.
2. Such property is generally described as being the West side of Callender Lake and is more particularly described in the plat attached to the original petition as Exhibit 'A.'
3. Plaintiff wants to subdivide the referenced tract into two (2) or more parts for the purposes of laying out and developing a subdivision, as well as streets and other areas.

4. Plaintiff first caused its plat to be submitted to a regular meeting of the Commissioners' Court of Van Zandt County, Texas, on January 14, 1985, thereby requesting approval for filing of same.
5. The Commissioners' Court of Van Zandt County, Texas refused to approve the plat for filing as requested.
6. Subsequent to the time Plaintiff submitted its plat to the Commissioners' Court of Van Zandt County, Texas, and subsequent to said referenced Court's refusal to approve same,

Projects American presents seven points of error on appeal. The points basically allege that the trial court erred in concluding that, because the property in question lies within five miles of Edom's city limits, Projects American must submit its plat to the city of Edom for approval before submitting the plat to the commissioners court. Projects American contends that Edom's extraterritorial jurisdiction extends only to

Plaintiff filed an Original Petition for Mandamus in this Court.

7. The City of Edom is an incorporated city in Van Zandt County, Texas and has a population of less than five thousand inhabitants.

8. The subdivision proposed by Plaintiff for its land in Van Zandt County, Texas, which land and proposed subdivision is the subject of this cause, is not within one-half mile, but is within five miles of the corporate limits of the City of Edom.

9. The plat of the proposed subdivision has not been presented to the City of Edom for approval.

10. Neither Van Zandt County nor any county contiguous with Van Zandt County now has or has had a population of 2.2 million inhabitants or more.

11. Plaintiff is and at all material times hereto has been the owner of the land described in the subject plat.

ADDITIONAL FINDINGS OF FACT

1. The plat of Projects American Corporation's property, which plat was admitted as Exhibit 'A,' as stipulated by all parties earlier herein, complies with the requirement of article 6702-1, § 2.401, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1985).

2. Edom, Van Zandt County, Texas, does not now have and has never had a population of 5,000 inhabitants or more.

CONCLUSIONS OF LAW

1. The approval of plats for proposed subdivisions is not a matter of discretion with the Commissioners' Court.

2. The Commissioners' Court shall approve for filing any plat meeting the relevant requirements of all applicable statutes.

3. Section 2.402 of Article 6702-1 of V.T.C.S. controls [sic] this fact situation and must be read in para materia with Article 974a of V.T.C.S.

4. Section 2.402 of Article 6702-1 of V.T.C.S. requires the filing of a plat for approval with the Commissioners' Court of Van Zandt County, Texas, in this case.

5. Article 974a of V.T.C.S., requires that the plat for a proposed subdivision be submitted to a city for approval, prior to its submission to the Commissioners' Court, if the land in question or any part thereof is within five miles of said city.

property located within one-half mile of its city limits.

■■■ According to Tex.Rev.Civ.Stat. Ann. art. 970a, § 3(A)(1) (Vernon 1963), Edom's extraterritorial jurisdiction extends to all contiguous unincorporated areas within one-half mile of its corporate limits. Taking judicial notice of the fact that Van Zandt County has a population less than 190,000 inhabitants, we find that Edom has

6. By virtue of Article 974 [sic], V.T.C.S., the extraterritorial jurisdiction of a city of five thousand inhabitants or less, according to the last preceding Federal Census, is one-half mile.

7. If the subject land is within one-half mile of a city with five thousand or less inhabitants, said city has exclusive jurisdiction over plat approval for subdivisions falling within the one-half mile parameter and approval by the Commissioners' Court is not required prior to filing said plat in the county clerk's office.

8. If the land is more than one-half mile, but within five miles of the city limits of a city with five thousand or less inhabitants, approval of the plat must be obtained from the Planning Commission or the governing body of said city first; secondly, approval of the plat must be obtained from the Commissioners' Court prior to filing.

9. If the land is located more than five miles from the incorporated limits of any city, plat approval must be obtained only from the Commissioners' Court prior to filing.

10. The land in question in this case is located more than one-half mile from the corporate limits of the City of Edom and less than five miles away. Because the land in question is within five miles of the incorporated limits of the City of Edom, the plat in question must first be submitted to the Planning Commission or governing body of the City of Edom for approval and then subsequently presented to the Commissioners' Court of Van Zandt County, Texas for approval.

11. Because Plaintiff has not complied with the statutory requirements (i.e. has not sought and obtained approval of the subject plat by the Planning Commission or governing body of the City of Edom) its presentation to the Commissioners' Court and request for approval were premature. The request for approval was properly denied.

12. For this reason, Plaintiff is not entitled to the relief sought in its Original Petition for Mandamus.

ADDITIONAL CONCLUSION OF LAW

1. The plat in question, Plaintiff's Exhibit 'A' complies with the requirements of article 6702-1, § 2.401, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1985).

no authority to regulate subdivisions or to authorize the filing of plats in unincorporated areas outside its one-half mile extraterritorial jurisdiction. *State v. Bravo*, 162 S.W.2d 1052, 1053 (Tex.Civ.App.—San Antonio 1942, writ ref'd); Tex.Rev.Civ.Stat. Ann. art. 6626aa, § 2 (Vernon Supp.1986).[2] To the extent that Tex.Rev.Civ.Stat.Ann. art. 974a, § 3 (Vernon Supp.1985), conflicts with art. 6626aa, § 2, we find that such inconsistent portion of art. 974a, § 3, has been repealed by implication. *Parker v. State*, 208 S.W.2d 380, 384 (Tex.Civ.App.—Fort Worth) (passage of a statute conflicting with former acts on the same subject shows an intent to repeal), *aff'd*, 147 Tex. 57, 212 S.W.2d 132 (1948); Op.Tex.Att'y Gen. No. JM–365 (1985). We find, moreover, that the trial court erred in concluding that Tex.Rev.Civ.Stat.Ann. art. 6702–1, § 2.402 (Vernon Supp.1985), controls the fact situation presented. Neither Van Zandt nor any contiguous county has a population exceeding 2.2 million; therefore, Tex.Rev.Civ.Stat.Ann. art. 6702–1, § 2.401 (Vernon Supp.1986), controls here.

 Under § 2.401(e), the authority of the commissioners court to approve plats is not discretionary. If a plat submitted meets all statutory requirements, the commissioners court cannot impose additional requirements, but must approve such plat. *Commissioners Court v. Frank Jester Dev. Co.*, 199 S.W.2d 1004, 1007 (Tex.Civ. App.—Dallas 1947, writ ref'd n.r.e.). In this case, the parties stipulated and the trial court found that the plat submitted by Projects American meets the requirements of § 2.401. We hold, therefore, that approval of the plat by the commissioners court was a mere ministerial duty and that the trial court erred in failing to issue a writ of mandamus ordering the commissioners court to perform such duty. The points of error are sustained.

The judgment of the trial court is reversed and the cause remanded with instruction that the trial court issue a writ of

mandamus compelling the Commissioners Court of Van Zandt County to approve the plat in question for filing with the County Clerk of said county.

BILL BASS, J., not participating.

---

**2.** There is no contention that Tex.Rev.Civ.Stat. Ann. art. 4413(32c) (Vernon 1976 & Supp.1986) is applicable herein.