TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00669-CV







Elgin Bank of Texas, Appellant



v.



Travis County, Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 94-01412, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING







PER CURIAM


 Appellant Elgin Bank of Texas challenges the trial court's grant of summary
judgment in favor of appellee Travis County and denial of the Bank's motion for summary
judgment. We will reverse the trial court's judgment.

 Elgin Bank owns an approximately 150.35-acre tract of land in Travis County. The
land is not within the corporate limits or the extra-territorial jurisdiction of any municipality. 
Elgin Bank wants to subdivide the property for sale in multiple tracts using metes and bounds
descriptions but does not want to file a subdivision plat. (1) Since the property has access to existing
roads, Elgin Bank does not plan to build streets or roads within the subdivision. Travis County
asserts that Texas Local Government Code section 232.001(a) requires that Elgin Bank file a
subdivision plat. We disagree.

 Texas Local Government Code section 232.001(a) provides: 



The owner of a tract of land located outside the limits of a municipality who
divides the tract into two or more parts to lay out a subdivision of the tract,
including an addition, or to lay out suburban lots or building lots, and to lay out
streets, alleys, squares, parks, or other parts of the tract intended to be dedicated
to public use or for the use of purchasers or owners of lots fronting on or adjacent
to the streets, alleys, squares, parks, or other parts must have a plat of the
subdivision prepared. 



Tex. Loc. Gov't Code Ann. § 232.001(a) (West Supp. 1995) (emphasis added). The question we
decide is whether Travis County can, under section 232.001(a), (2)
 require the owner of a tract of
land who subdivides, but does not plan to lay out streets, alleys, squares, parks, or other parts of
the tract for public or private use, to prepare a plat of the subdivision.

 Common words should be interpreted as they are commonly used. Satterfield v.
Satterfield, 448 S.W.2d 456, 459 (Tex. 1969). The word "and" is generally used as a
conjunctive. Board of Ins. Comm'rs v. Guardian Life Ins. Co., 180 S.W.2d 906, 908-09 (Tex.
1944). On its face, the plain language of the statute requires a plat only if the owner both divides
the property and lays out streets or other public areas. See Op. Tex. Att'y Gen. No. JM-1100
(1989) (stating that county could require plat only if land was subdivided and public areas were
planned). The word "and" may be construed as a disjunctive to prevent an absurd result. 
Guardian Life Ins. Co. of Tex., 180 S.W.2d at 908-09. However, as discussed below, we
conclude that no absurd result arises from a straight-forward construction of the statutory
language.

 Our interpretation of the plain language of section 232.001(a) is supported by our
analysis of Texas Local Government Code section 212.004(a). Section 212.004(a) authorizes a
municipality to regulate subdivisions within its corporate limits or extraterritorial jurisdiction. 
Before 1993, relevant portions of section 212.004(a) were identical to section 232.001(a). Section
212.004(a) formerly provided: (3)



The owner of a tract of land located within the limits or in the extraterritorial
jurisdiction of a municipality who divides the tract in two or more parts to lay out
a subdivision of the tract, including an addition to a municipality, or to lay out
suburban, building, or other lots, and to lay out streets, alleys, squares, parks, or
other parts of the tract intended to be dedicated to public use or for the use of
purchasers or owners of lots fronting on or adjacent to the streets, alleys, squares,
parks, or other parts must have a plat of the subdivision prepared.



Act of May 11, 1987, 70th Leg. R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 970 (emphasis
added). Section 212.004(a) was amended in 1993 by substituting the word "or" for the word
"and" and adding a provision that excluded parts greater than five acres, if each part has access
and no public improvement is being dedicated. Act of May 26, 1993, 73rd Leg., R.S., ch. 1046,
§ 1, Tex. Gen. Laws 4469. Section 212.004(a) now provides:



The owner of a tract of land located within the limits or in the extraterritorial
jurisdiction of a municipality who divides the tract in two or more parts to lay out
a subdivision of the tract, including an addition to a municipality, to lay out
suburban, building, or other lots, or to lay out streets, alleys, squares, parks, or
other parts of the tract intended to be dedicated to public use or for the use of
purchasers or owners of lots fronting on or adjacent to the streets, alleys, squares,
parks, or other parts must have a plat of the subdivision prepared. . . . A division
of a tract under this subsection does not include a division of land into parts
greater than five acres, where each part has access and no public improvement is
being dedicated.



Tex. Loc. Gov't Code Ann. § 212.004(a) (West Supp. 1995) (emphasis added). 

 The 1993 amendments to section 212.004(a) were made after the Attorney General
issued Opinion No. JM-1100, concluding that section 212.032 allowed counties to require a plat
only when the subdivider also planned to dedicate streets, alleys, squares, and other property to
public use. Op. Tex. Att'y Gen. No. JM-1100 (1989). We reject Travis County's contention that
the Legislature was attempting to correct the Attorney General's misinterpretation of section
232.001(a) by correcting section 212.004(a) or that the Legislature erred by changing section
212.004(a) but not 232.001(a). Rather, the Legislature's amendment of section 212.004(a) but
not section 232.001(a) suggests that it intended for section 232.001(a), as written and interpreted,
to remain unchanged. (4) See Allen Sales & Servicenter, Inc. v. Ryan, 525 S.W.2d 863, 866 (Tex.
1975) (revised statute presumed to be enacted with full knowledge of existing condition of law);
c.f. Driscoll v. Harris County Comm'rs Court, 688 S.W.2d 569, 571 (Tex. App.--Houston [14th
Dist.] 1984, writ ref'd n.r.e.) (legislature "undoubtably" amended statute in response to attorney
general opinion).

 The trial court concluded that it would be absurd to require an owner who plans
to subdivide his property and to lay out streets to plat the property, while the owner who
subdivides without laying out streets is not so required. We believe the result is sensible rather
than absurd because the county may only consider street design and construction in approving
plats. 

 The county may refuse to approve a plat only if the plat does not meet the
requirements "prescribed by or under" chapter 232 of the Texas Local Government Code. Tex.
Loc. Gov't Code Ann. § 232.002 (West Supp. 1995); Projects Am. Corp. v. Hilliard, 711 S.W.2d
386, 389 (Tex. App.--Tyler 1986, no writ) (approving writ of mandamus requiring commissioners
to approve plat that both parties agreed met requirements of chapter 232). With certain exceptions
applicable only in particular counties, (5) the only requirements prescribed by chapter 232 are those
under section 232.003. Section 232.003 authorizes the commissioner's court to adopt rules
regulating the design and construction of roads. (6) Except for the requirement that a purchase
contract state whether and when water will be available, which is independent of the platting
requirement, (7) all of the powers enumerated in section 232.003 presuppose planned roads. Section
232.003 is the only authority upon which the county may base platting requirements. Projects
Am. Corp., 711 S.W.2d at 389. Since the standard for approving the plat is whether planned
roadways conform with the county's design and construction standards, it would be pointless to
require a plat of property that does not include roads.

 By contrast, a municipality's power to regulate subdivisions is much broader. The
governing body of a municipality may adopt rules governing plats and subdivisions of land within
the municipality's jurisdiction to promote the health, safety, morals, or general welfare of the
municipality and the safe, orderly, and healthful development of the municipality. Tex. Loc.
Gov't Code Ann. § 212.002 (West 1988). The municipal authority approves the plat only if the
plat conforms to the general plan of the municipality and its current and future streets, alleys,
parks, playgrounds, and public utility facilities; the plat conforms to the general plan for the
extension of the municipality, taking into account access to and extension of sewer and water
mains and the instrumentalities of public utilities; any applicable bonds are filed; and the plat
conforms to any rules adopted to promote the health, safety, morals, or general welfare of the
municipality. Tex. Loc. Gov't Code Ann. § 212.010 (West Supp. 1995). (8) Because a municipality
regulates much more than the design and construction of roads via the plat, it is reasonable for
a municipality to require a plat even if no roads are planned. (9)

 We also note that under Travis County's interpretation, developers of lots greater
than five acres, which have access to roads but do not plan public improvements, would be
exempt from the platting requirement within city limits but not within counties. Given the
relatively greater authority of cities as opposed to counties, that result would be anomalous.

 Finally, we consider section 232.001(f). It provides that in certain counties the
owner of a tract of land who "divides the tract into two or more parts to lay out suburban lots or
building lots for resale of five acres or less must have a plat of the subdivision prepared." Tex.
Loc. Gov't Code Ann. § 232.001(f) (West Supp. 1995). In this subsection, the Legislature
created a category of development that requires a plat for any division of land into lots of five
acres or less, regardless of the intent to lay out streets. Section 232.001(f) is part of legislation
designed to promote the development of water resources and to increase the availability of water
in certain economically distressed counties. See generally Act of May 28, 1989, 71st Leg., R.S.,
ch. 624, § 1.01, 1989 Tex. Gen. Laws 2063, 2063-64. And, if a plat is required under section
232.001(f), the affected county has additional powers under sections 232.0035, 232.0036,
232.0046, 232.0047 and 232.0049 to require the developer to provide water and sewer service. 
Once again, the population subject to the platting requirement is consistent with the platting
requirements to be enforced. Once again, the Legislature demonstrated that it could, were it
inclined to, draft legislation that required plats in any subdivision.

 Based on the plain language of section 232.001, its apparent purpose, and our
comparison of it to sections 212.004(a) and 232.001(f), we hold that Travis County may not
require an owner who subdivides but who does not lay out streets, alleys, squares, parks, or other
parts of the tract intended to be dedicated to public use or for the use of purchasers or owners of
lots fronting on or adjacent to the streets, alleys, squares, parks, or other parts to prepare a plat.

 Accordingly, we sustain Elgin Bank's single point of error. We reverse the trial
court's judgment, render judgment that Travis County may not require Elgin Bank to plat the
property under these circumstances, and remand to the trial court the issue of attorney's fees. (10)


Before Justices Powers, Jones and Kidd

Reversed and Remanded In Part; Reversed and Rendered in Part

Filed: August 16, 1995

Publish


1.   A plat is a map of specific land showing the location and boundaries of individual
parcels of land subdivided into lots, with streets, alleys, and easements drawn to scale. 
Black's Law Dictionary 1151 (6th ed. 1990). 
2.   The commissioner's court has only specific enumerated powers. See Tex. Const. art.
V, § 18; Projects Am. Corp. v. Hilliard, 711 S.W.2d 386, 389 (Tex. App.--Tyler 1986, no
writ). Therefore, both parties agree that section 232.001 controls the disposition of this issue. 

3.   Travis County claims that the original language of § 212.004(a), which basically
mirrored § 232.001, had been judicially interpreted to require a plat whenever land was
subdivided, regardless of whether streets, alleys, squares, or other parts of the tract were
dedicated to public use. Travis County is wrong. The cases that it cites, including
Cowboy County Estates v. Ellis County, 692 S.W.2d 882 (Tex. Civ. App.--Waco 1985, no
writ), and City of Weslaco v. Carpenter, 694 S.W.2d 601 (Tex. App.--Corpus Christi 1985,
writ ref'd n.r.e.), do not address this issue.
4. Attorney general's opinions are considered by the courts in construing statutes. Although
they are not binding, they are persuasaive and entitled to due consideration. Hancock v. State
Bd. of Ins., 797 S.W.2d 379, 381 (Tex. App.--Austin 1990, no writ).
5.   The exceptions are provisions relating specifically to economically distressed areas:
§§ 232.0035, 232.0036, 232.0046, 232.0047 and 232.0049. These sections are discussed
below.
6.   Section 232.003 provides that the commissioner's court may:


(1) require a right-of-way on a street or road that functions as a main
artery in a subdivision, of a width of not less than 50 feet or more than
100 feet;


(2) require a right-of-way on any other street or road in a subdivision of
not less than 40 feet or more than 70 feet;


(3) require that the shoulder-to-shoulder width on collectors or main
arteries within the right-of-way be not less than 32 feet or more than 56
feet, and that the shoulder-to-shoulder width on any other street or road
be not less than 25 feet or more than 35 feet;


(4) adopt, based on the amount and kind of travel over each street or road
in a subdivision, reasonable specifications relating to the construction of
each street or road;


(5) adopt reasonable specifications to provide adequate drainage for each
street or road in a subdivision in accordance with standard engineering
practices;


(6) require that each purchase contract made between a subdivider and a
purchaser of land in the subdivision contain a statement describing the
extent to which water will be made available to the subdivision and, if it
will be made available how and when; and 


(7) require that the owner of the tract to be subdivided execute a good and
sufficient bond in the manner provided by Section 232.004.


Tex. Loc. Gov't Code Ann. § 232.003 (West Supp. 1995)
7.   The requirement regarding purchase contract provisions is independent of the
platting requirement. See Act of May 28, 1989, 71st Leg., R.S., ch. 624, § 3.04, 1989 Tex.
Gen. Laws 2063, 2087 (eliminating requirement that plat contain statement describing extent
to which water will be available). The requirement regarding purchase contract provisions is
presumably enforceable under § 232.005, which authorizes the county attorney or other
prosecuting attorney to enjoin violations of rules adopted under chapter 232 and to recover
damages. Tex. Loc. Gov't Code Ann. § 232.005 (West Supp. 1995).
8.   Section 212.010 provides that the municipal authority approves the plat only if:


(1) it conforms to the general plan of the municipality and its current and
future streets, alleys, parks, playgrounds, and public utility facilities;


(2) it conforms to the general plan for the extension of the municipality and
its roads, streets, and public highways within the municipality and in its
extraterritorial jurisdiction, taking into account access to and extension
of sewer and water mains and the instrumentalities of public utilities;


(3) a bond required under Section 212.0106, if applicable, is filed with the
municipality; and 


(4) it conforms to any rules adopted under Section 212.002.


Tex. Loc. Gov't Code Ann. § 212.010 (West Supp. 1995). 
9.   Travis County quotes extensively from Precision Sheet Metal Mfg. v. Yates, 794
S.W.2d 545, 552 (Tex. App.--Dallas 1990, writ denied), regarding the purposes of § 212.004. 
The discussion of the purposes of § 212.004 is irrelevant to a consideration of the purposes of
§ 212.032 since counties have been delegated far fewer powers under chapter 232 than were
cities under chapter 212.
10.   Elgin Bank pleaded for attorney's fees in their motion for summary judgment. The
Texas Supreme Court recently held that the Declaratory Judgment Act waives
governmental immunity for awards of attorney's fees. Texas Educ. Agency v. Leeper, 893
S.W.2d 432, 444-46 (Tex. 1995).