

# NUMBER 13-19-00194-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CITY OF SAN BENITO, TEXAS,                                        Appellant,

v.

CAMERON COUNTY DRAINAGE
DISTRICT NO. 3 AND CAMERON
COUNTY IRRIGATION DISTRICT
NO. 2, JAMES D. PENNY AND
LARRY GARCIA,                                                    Appellees.

### On appeal from the 103rd District Court
### of Cameron County, Texas

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

Appellant, the City of San Benito (City), appeals an order denying its plea to the

jurisdiction. We reverse and remand.

# I. BACKGROUND

The Cameron County Drainage District No. 3 (Drainage District), the Cameron County Irrigation District No. 2 (Irrigation District), James D. Penny, and Larry Garcia filed suit against the City. According to the "Plaintiffs' First Amended Petition for Injunction and Other Relief," Penny and Garcia are owners of a tract of land within the limits of the City and within the boundaries of the Drainage District and Irrigation District. Penny and Garcia are subdividing this land as Strawberry Fields Subdivision. The petition alleged:

> Since about 1983, Cameron County has required that subdivision plats be submitted to irrigation and drainage districts for approval. Under Cameron County's subdivision regulations, proof that a district has reviewed and approved the plat "may be noted on the face of the plat . . . ." Since about 1983, subdividers have submitted to [the City] subdivision plats of land within [the City's] limits and extra-territorial jurisdiction with Plaintiff Drainage District's and Plaintiff Irrigation District's approval noted on the face of the plats.

According to the first amended petition, the Drainage District and Irrigation District both use a "sign-off paragraph" or "signature block" on the face of a plat to indicate that they approve the plat with certain specified limitations. The first amended petition alleged that "[i]nitial purchasers and their successors-in-title acquire title subject to all matters shown and stated on the subdivision plat" and that each district "has a legitimate, governmental purpose of not only putting purchasers on notice" that each district "has reviewed and approved the plat, but more importantly, the terms, conditions, and limitations of said approval."

The first amended petition stated that the City had accepted plats including the districts' sign-off paragraphs since approximately 1983; however, in 2018, the City began telling subdividers that it would not approve subdivision plats that included the districts' sign-off paragraphs. The districts protested, and the City continued to approve plats that

2

included the sign-off paragraphs for some indeterminate period. However, in December 2018, the City refused to consider two plats, including the Strawberry Fields plat, unless the districts' sign-off paragraphs were removed.

The first amended petition further alleged, in relevant part:

> At the hearing held in this cause held on February 26, 2019, [the City] announced in open court that it only intends to require the removal of Plaintiff Drainage District's sign-off paragraph and Plaintiff Irrigation District's sign-off paragraph on plats subdividing land entirely within its limits. That is, it concedes that [it] cannot order the removal of Plaintiff Drainage District's sign-off paragraph and Plaintiff Irrigation District's sign-off paragraph from subdivision plats of land that in whole or in part [are] within [the City's] extra-territorial jurisdiction and, since the City of Harlingen also requires subdivision plats to be submitted to drainage and irrigation district[s], land that straddles the common limits of the City of Harlingen and [the City].

In their pleading, the plaintiffs asserted that the City could only apply those ordinances, rules, and regulations that it has adopted in accordance with Texas Local Government Code § 212.002; that the City had not adopted any ordinance, rule, or regulation prohibiting the sign-off paragraphs; and that there was no rational relationship between the City's refusal to entertain the sign-off paragraphs and a "legitimate governmental purpose." *See* TEX. LOC. GOV'T CODE ANN. § 212.002 (allowing the governing body of a municipality to "adopt rules governing plats and subdivisions of land within the municipality's jurisdiction to promote the health, safety, morals, or general welfare of the municipality and the safe, orderly, and healthful development of the municipality"). The plaintiffs further alleged that there was "no law authorizing" the City "to negate and require non-compliance with the rules and regulations" of the districts, and that the City's actions have placed subdividers in the position of either bypassing the districts, that is, failing to follow the districts' rules regarding plats, or having the City refuse

3

to approve a proposed plat. The plaintiffs alleged that the districts' approval of a plat on its face "is not inconsistent with, and does not usurp, the City's subdivision ordinances, rules and/or regulations" and each district "has a legitimate need and purpose to review subdivision plats [and] evidence their approval on the face of the plats."

The plaintiffs alleged that they had been damaged by the City's requirement that subdividers "bypass" the districts in order to obtain approval of their subdivision plats and that the plaintiffs lacked an adequate remedy at law to remedy this harm. In terms of relief, the plaintiffs sought mandamus relief and a mandatory injunction preventing the City, "its Mayor, City Commission, Planning and Zoning Commission, any other commissions, employees, committees, agents, and servants, directly or indirectly" from requiring the districts to remove their sign-off paragraphs and from refusing to approve plats that include their sign-off paragraphs. The plaintiffs further sought a declaratory judgment providing that the City had no legitimate, rational, governmental purpose in prohibiting the use of sign-off paragraphs in subdivision plats. The plaintiffs requested temporary and permanent injunctions restraining the City and its agents from requiring the removal of the sign-off paragraphs or refusing to approve plats including the sign-off paragraphs. Finally, they sought costs of suit, including attorney's fees, and "all relief, both general and special, at law and in equity," to which they were entitled.

The City filed a "Plea to the Jurisdiction and Subject Thereto, its Motion to Dismiss, Original Answer, and Motion for Special Exceptions." The plea to the jurisdiction comprises one paragraph and states:

> [The City] has since its original pleading, raised the jurisdictional defense of "governmental immunity from suit." On March 13th, 2019 the [plaintiffs] filed their First Amended Petition in which they named two additional plaintiffs. [The City] would show that despite this opportunity to replead, the [plaintiffs]

4

have still failed to show why [the City] does not have governmental immunity from suit. The [plaintiffs] have also failed to point to any specific waiver of legislative immunity in their Petition. The Court should dismiss this case for lack of subject matter jurisdiction or, in the alternative, give [the plaintiffs] an opportunity to file an amended petition under the fair notice standards of TRCP 45 and 47, alleging a claim under an applicable statute which contains a legislative waiver of immunity thereby making their claim viable.

The City had also previously filed a "Memorandum of Points and Authorities in Support of the [City's] Motion to Dismiss and Plea to the Jurisdiction." Through this memorandum, the City argued that the "primary goal of this lawsuit is to force [the City] to perform a discretionary act of government; specifically, to approve subdivision plats within the incorporated city limits of [the City] in a manner not required by statute and that [the plaintiffs] alone deem appropriate." The City alleged that the plaintiffs "are using the judicial process in an effort to impermissibly control one of the City's important governmental functions: the planning and regulation of the subdivision plats within the incorporated municipal city limits of San Benito." The memorandum surveys law pertaining to governmental immunity and asserts that the City "has governmental immunity from suits seeking to dictate how its officials exercise their discretionary authority."

In the memorandum, the City acknowledged that "this is an action for declaratory/injunctive relief and not a suit for money damages," but asserted that "governmental immunity offers subdivisions of the State of Texas protection from the use of litigation to control decision making." The City conceded that the Texas Supreme Court has "long" recognized an exception to immunity for suits brought directly against governmental officials, on the grounds that those officials have acted in a manner which is ultra vires or outside of their statutory authority, and thus, "the doctrine of sovereign

5

immunity would admittedly not apply to claims for injunctive relief seeking to force governmental officials to follow the law or to quit acting outside the scope of their lawful authority." The City further asserted, however, that a state official's illegal or unauthorized actions are not actions of the City, and the City "would not be a proper party to such an action."

The record before this Court does not indicate that the plaintiffs filed a response to the City's plea to the jurisdiction. The trial court held a non-evidentiary hearing on the City's plea to the jurisdiction on March 19, 2019. The City did not provide this Court with the transcript of that hearing. On April 4, 2019, the trial court signed an order denying the City's plea to the jurisdiction. The order does not include the rationale for the trial court's decision.

Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code allows an interlocutory appeal to be taken when the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8); *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 549 (Tex. 2019); *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *see also Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012) (explaining that immunity from suit deprives the courts of jurisdiction over pending claims). Thus, this appeal ensued.

The City raises two issues through which it asserts that: (1) that the trial court erred by denying its plea to the jurisdiction based on governmental immunity from suit; and (2) the plaintiffs failed to join an indispensable party to the suit for the purpose of conferring subject matter jurisdiction. The City argues that the approval and filing of subdivision plats

6

is a governmental function and as "long as [it] fulfills the duties imposed by the Texas Legislature in Chapter 212 of the Texas Local Government Code and does not violate local ordinance, the action of approving and filing municipal plats lies within the discretion of [its] officials." In contrast, the plaintiffs assert that the trial court correctly denied the City's plea because the City lacks governmental immunity. The plaintiffs assert, in short, that the City's discretion to approve a subdivision plat is guided by the rules that it has adopted and that the City has a ministerial duty to approve plats which meet with its requirements.

## II. PLEA TO THE JURISDICTION

Sovereign immunity implicates the trial court's subject matter jurisdiction and a defendant may properly raise the issue in a plea to the jurisdiction. *Chambers-Liberty Ctys. Navigation Dist. v. State*, 575 S.W.3d 339, 345 (Tex. 2019) (combined appeal & orig. proceeding); *PermiaCare v. L.R.H.*, 600 S.W.3d 431, 440–41 (Tex. App.—El Paso 2020, no pet.). A plea to the jurisdiction seeks to dismiss a cause of action regardless of whether the claim has merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *CKJ Trucking, L.P. v. City of Honey Grove*, 581 S.W.3d 870, 874–75 (Tex. App.—Dallas 2019, no pet.). A plea to the jurisdiction is a dilatory plea that challenges the trial court's power to adjudicate the subject matter of the controversy. *Harris County*, 136 S.W.3d at 638; *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554; *City of Plano v. Hatch*, 584 S.W.3d 891, 895–96 (Tex. App.—Dallas 2019, no pet.). We review the trial court's ruling on a plea to the jurisdiction de novo. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex.

7

2004); *City of Plano*, 584 S.W.3d at 895–96; *Tex. Ass'n of Cty. Emps. v. Wolff*, 583 S.W.3d 828, 832 (Tex. App.—San Antonio 2019, pet. denied).

In a plea to the jurisdiction, a defendant may challenge either the plaintiff's pleadings or the existence of jurisdictional facts on the ground that they do not support subject matter jurisdiction. *Miranda*, 133 S.W.3d at 225; *PermiaCare*, 600 S.W.3d at 440–41. Whether a party has alleged facts that affirmatively demonstrate a trial court's subject-matter jurisdiction and whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction are questions of law that we review de novo. *Miranda*, 133 S.W.3d at 226. A court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555; *CKJ Trucking, L.P.*, 581 S.W.3d at 874–75. If the evidence raises a fact issue regarding jurisdiction, then the plea to the jurisdiction cannot be granted, and a factfinder must resolve the issue. *Miranda*, 133 S.W.3d at 227–28.

When the plea to the jurisdiction challenges the existence of jurisdictional facts that implicate the merits, "we consider relevant evidence submitted by the parties to determine if a fact issue exists." *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632–33 (Tex. 2015). "We take as true all evidence favorable to the nonmovant, indulge every reasonable inference, and resolve any doubts in the nonmovant's favor." *Id.* at 633. "If the evidence creates a fact question regarding jurisdiction, the plea must be denied pending resolution of the fact issue by the fact finder." *Id.* "If the evidence fails to raise a question of fact, however, the plea to the jurisdiction must be granted as a matter of law." *Id.* When the plea to the jurisdiction challenges the existence of jurisdictional facts that do not

implicate the merits, the trial court may rule on the plea to the jurisdiction even if the facts are disputed. *Miranda*, 133 S.W.3d at 226–27; *Tex. Ass'n of Cty. Emps.*, 583 S.W.3d at 832; *Tex. Dep't of Pub. Safety v. Alexander*, 300 S.W.3d 62, 71 (Tex. App.—Austin 2009, pet. denied).

When a plea to the jurisdiction challenges the pleadings, we must determine if the pleader has alleged sufficient facts to affirmatively demonstrate the trial court's jurisdiction to hear the cause. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *City of Plano*, 584 S.W.3d at 895–96. When a plea to the jurisdiction challenges only the pleadings, the trial court must construe the pleadings liberally in favor of the plaintiff—accepting the allegations as true—and look to the plaintiffs' intent in their pleadings. *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002) (per curiam); *Miranda*, 133 S.W.3d at 226–27; *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *PermiaCare*, 600 S.W.3d at 440–41; *City of Plano*, 584 S.W.3d at 895–96.

The plaintiff has the burden to plead facts affirmatively showing the trial court has jurisdiction. *Miranda*, 133 S.W.3d at 226; *CKJ Trucking, L.P.*, 581 S.W.3d at 874–75. More specifically, at the pleading stage, a plaintiff carries the burden of alleging sufficient facts to demonstrate that the trial court has subject matter jurisdiction over its claims. *PermiaCare*, 600 S.W.3d at 440–41; *City of El Paso v. Viel*, 523 S.W.3d 876, 883 (Tex. App.—El Paso 2017, no pet.); *see also Tex. Ass'n of Bus.*, 852 S.W.2d at 446. If the pleadings do not allege facts sufficient to affirmatively demonstrate jurisdiction, but the pleading defects are curable by amendment, then the issue is one of pleading sufficiency, and the plaintiff should be afforded an opportunity to amend. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839-40 (Tex. 2007); *Miranda*, 133 S.W.3d at 226–27;

*PermiaCare*, 600 S.W.3d at 440–41; *City of Plano*, 584 S.W.3d at 895–96; *see Tex. Ass'n of Bus.*, 852 S.W.2d at 446 ("A review of only the pleadings to determine subject matter jurisdiction is sufficient in the trial court because a litigant has a right to amend to attempt to cure pleading defects if jurisdictional facts are not alleged."); *Nguyen v. SXSW Holdings, Inc.*, 580 S.W.3d 774, 784 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) ("We generally allow a litigant an opportunity to cure her pleading defects when the pleadings do not allege enough jurisdictional facts."). However, if the pleadings affirmatively negate the existence of the trial court's jurisdiction by revealing an incurable defect, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Koseoglu*, 233 S.W.3d at 840; *Miranda*, 133 S.W.3d at 227; *PermiaCare*, 600 S.W.3d at 440–41; *City of Plano*, 584 S.W.3d at 895–96; *Tabrizi v. City of Austin*, 551 S.W.3d 290, 303 (Tex. App.—El Paso 2018, no pet.).

### III. GOVERNMENTAL IMMUNITY

Governmental immunity protects political subdivisions of the State, including cities, from suit. *See Harris County*, 136 S.W.3d at 638; *Tabrizi*, 551 S.W.3d at 295–96; *City of Balch Springs v. Austin*, 315 S.W.3d 219, 224 (Tex. App.—Dallas 2010, no pet.). A municipal corporation exercises two kinds of functions: proprietary functions and governmental functions. *See Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006). In general, a municipality's proprietary functions are those conducted in its private capacity for the benefit only of those within its corporate limits, and not conducted as an arm of the government. *Id.* In contrast, governmental functions concern purely governmental matters conducted solely for the public benefit. *Id.*

10

Immunity generally applies to municipalities when they are performing governmental as opposed to proprietary functions. *Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 439 (Tex. 2016); *Tabrizi*, 551 S.W.3d at 296; *City of Austin v. Utility Assocs., Inc.*, 517 S.W.3d 300, 307–08 (Tex. App.—Austin 2017, pet. denied). Section 101.0215 of the Texas Tort Claims Act (Act) contains a nonexclusive list of thirty-six municipal functions the Legislature has specifically identified as governmental in nature and three functions which are identified as proprietary. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a). If a function is included in this nonexclusive list of governmental functions, then the Legislature has deemed it governmental in nature, and we have no discretion or authority to hold otherwise. *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 389 (Tex. App.—Fort Worth 2008, no pet.)*; Ethio Express Shuttle Serv., Inc. v. City of Houston*, 164 S.W.3d 751, 756 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Tex. River Barges v. City of San Antonio*, 21 S.W.3d 347, 357 (Tex. App.—San Antonio 2000, pet. denied). The Act identifies "zoning, planning, and plat approval" as a governmental function. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(29); *see City of Round Rock v. Smith*, 687 S.W.2d 300, 302 (Tex. 1985); *Tabrizi*, 551 S.W.3d at 296.

Determining whether a municipality's immunity from suit is waived is a two-step inquiry. *Tex. Bay Cherry Hill, L.P.*, 257 S.W.3d at 389. First, we determine whether the function is governmental or proprietary. *Id.*; *Dalon v. City of DeSoto*, 852 S.W.2d 530, 536 (Tex. App.—Dallas 1992, writ denied); *McKinney v. City of Gainesville*, 814 S.W.2d 862, 865 (Tex. App.—Fort Worth 1991, no writ). If it is governmental, then the second step is to determine whether immunity is waived under the Act. *Tex. Bay Cherry Hill, L.P.*, 257 S.W.3d at 389; *Dalon*, 852 S.W.2d at 536; *McKinney*, 814 S.W.2d at 865. A municipality

11

is liable for torts arising from the exercise of its proprietary functions, but it is generally immune from suit and liability for torts arising from the exercise of its governmental functions, except for the limited waiver provided by the Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a), (b) ("A municipality is liable under this chapter for damages arising from its governmental functions. . . . This chapter does not apply to the liability of a municipality for damages arising from its proprietary functions.").

Sovereign immunity protects the State from lawsuits seeking monetary damages. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 368 (Tex. 2009); *Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 853 (Tex. 2002). But "an action to determine or protect a private party's rights against a state official who has acted without legal or statutory authority is not a suit against the State that sovereign immunity bars." *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997); *see Heinrich*, 284 S.W.3d at 368. Stated otherwise, governmental immunity does not apply to a claim for ultra vires actions involving government officials acting outside their authority. *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 161 (Tex. 2016); *see Heinrich*, 284 S.W.3d at 372 (explaining that governmental immunity does not apply because "ultra vires suits do not attempt to exert control over the state—they attempt to reassert the control of the state"). To fall within the ultra vires exception, however, a lawsuit must not complain of a government officer's exercise of discretion but must instead allege that the officer acted without legal authority or failed to perform a purely ministerial act. *Houston Belt & Terminal Ry. Co.*, 487 S.W.3d at 161; *Heinrich*, 284 S.W.3d at 372; *see also Fed. Sign*, 951 S.W.2d at 404 ("[A]n action to determine or protect a private party's rights against a state official

who has acted without legal or statutory authority is not a suit against the State that sovereign immunity bars."). Thus,

> [G]overnmental immunity bars suits complaining of an exercise of *absolute* discretion but not suits complaining of *either* an officer's failure to perform a ministerial act *or* an officer's exercise of judgment or *limited* discretion without reference to or in conflict with the constraints of the law authorizing the official to act.

*Houston Belt & Terminal Ry. Co.*, 487 S.W.3d at 163. In this regard, a public officer has no discretion or authority to misinterpret the law. *Id.* Ultra vires suits are barred only when the governmental officer has absolute discretion in the form of "free decision-making without any constraints." *Id.*

As summarized by one of our sister courts of appeals, there are four requirements to maintain an ultra vires claim:

> First, the suit must formally be pleaded against a governmental official, in his or her official capacity, not the government principal, a procedure conforming to an underlying concept that ultra vires suits do not seek to judicially control the government, but merely to reassert the control of the government. Second, the "suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." The third limitation relates to the nature and effect of the remedy sought. The remedy must be prospective in nature—i.e., compelling legal compliance going forward, as opposed to awarding retrospective relief to remedy past violations. The fourth limitation, closely related to the third, is that an ultra vires claim otherwise within the trial court's jurisdiction may independently implicate immunity if it would have the effect of establishing a right to relief against the government for which the Legislature has not waived immunity.

*City of Austin*, 517 S.W.3d at 308–09 (internal footnotes and citations omitted). As noted, the proper defendant in an ultra vires action is the official who allegedly acted without authority, not the governmental entity itself. *Tex. Dept. of Trans. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (per curiam) (citing *Heinrich*, 284 S.W.3d at 372–73); *Roach v.*

13

*Ingram*, 557 S.W.3d 203, 225 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *see also Tex. Tech Univ. Health Scis. Ctr. v. Enoh*, 545 S.W.3d 607, 625–26 (Tex. App.—El Paso 2016, no pet.) (discussing the "interconnected" relationship between ultra vires and declaratory relief claims "with the relief sought dictating which defendant is an appropriate party to each type of claim"). Under the "ultra vires exception" to sovereign immunity, a claimant may file suit to compel a government official "to comply with statutory or constitutional provisions" through prospective injunctive or declaratory relief. *Heinrich*, 284 S.W.3d at 372.

The Uniform Declaratory Judgment Act (UDJA), in pertinent part, allows a person whose rights are affected by a statute to "have determined any question of construction or validity arising under the [statute] and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a). The UDJA "does not contain a general waiver of sovereign immunity, providing only a limited waiver for challenges to the validity of an ordinance or statute." *Town of Shady Shores*, 590 S.W.3d at 552–53. Claims requesting other types of declaratory relief are barred absent a legislative waiver of immunity with respect to the underlying action. *Id.* at 553; *Sefzik*, 355 S.W.3d at 621; *Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388–89 (Tex. 2011).

## IV. PLAT APPLICATIONS

Chapter 212 of the Texas Local Government Code governs the regulation of subdivisions and provides that the owner of a tract of land within city limits or in its extraterritorial jurisdiction who subdivides the tract must "have a plat of the subdivision prepared." TEX. LOC. GOV'T CODE ANN. § 212.004(a). Section 212.004 then provides that,

14

to be recorded, the plat must (1) describe the subdivision by metes and bounds; (2) "locate the subdivision with respect to a corner of the survey or tract or an original corner of the original survey of which it is a part"; and (3) state the dimensions of the subdivision and of various items within the tract that are to be dedicated to public and other limited uses. *Id.* § 212.004(b). Section 212.004 also requires that the owner or proprietor of the tract (or that person's agent) acknowledge the plat in the manner required for the acknowledgment of deeds. *Id.* § 212.004(c). The statute further provides that the plat must be filed and recorded with the county clerk of the county in which the tract is located and that certain filing and recording provisions of the Texas Property Code apply. *Id.* § 212.004(d), (e).

"A person desiring approval of a plat must apply to and file a copy of the plat with the municipal planning commission or, if the municipality has no planning commission, the governing body of the municipality." *Id.* § 212.008. "The municipal authority responsible for approving plats must approve a plat or replat that is required to be prepared under this subchapter and that satisfies all applicable regulations." *Id.* § 212.005; *see Howeth Invs., Inc. v. City of Hedwig Vill.*, 259 S.W.3d 877, 894–97 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *see also Moffitt v. Town of S. Padre Island*, No. 13-00-453-CV, 2001 WL 34615363, at *2 (Tex. App.—Corpus Christi–Edinburg Nov. 1, 2001, no pet.) (mem. op.). The municipal authority "shall" approve a plat if it conforms with statutory requirements. TEX. LOC. GOV'T CODE ANN. § 212.010.

Under the Texas Local Government Code, a municipality's power to regulate subdivisions is broad. *See Elgin Bank of Tex. v. Travis County*, 906 S.W.2d 120, 121–23 (Tex. App.—Austin 1995, writ denied) (comparing the regulatory powers of a county and

a municipality); *see also Moffitt*, 2001 WL 34615363, at *2. In this regard, the governing body of a municipality may adopt rules governing plats and subdivisions of land within the municipality's jurisdiction "to promote the health, safety, morals, or general welfare of the municipality and the safe, orderly, and healthful development of the municipality." TEX. LOC. GOV'T CODE ANN. § 212.002. Under § 232.002(a) of the statute, a commissioners court "must" approve a required plat, but "may refuse to approve a plat if it does not meet the requirements prescribed by or under [Chapter 232] or if any bond required under [Chapter 232] is not filed with the county." *Id.* § 232.002(a).

Plat approval is "an exercise of the police power," which is "a grant of authority" from the people to the government to promote public convenience, general prosperity, and regulations designed to promote public health, morals, or safety. *City of Round Rock v. Smith*, 687 S.W.2d 300, 302 (Tex. 1985); *see Lombardo v. City of Dallas*, 73 S.W.2d 475, 479 (Tex. 1934); *Howeth Invs., Inc.*, 259 S.W.3d at 894. According to the supreme court, the "purpose of plat approval is to ensure that subdivisions are safely constructed and to promote the orderly development of the community," and "[p]lat approval protects future purchasers from inadequate police and fire protection, inadequate drainage, and insures sanitary conditions." *City of Round Rock*, 687 S.W.2d at 302; *see Howeth Invs., Inc.*, 259 S.W.3d at 895. Thus, "plat approval or disapproval is a quasi-judicial exercise of the police power" and is a "discretionary function that only a governmental unit can perform." *City of Round Rock*, 687 S.W.2d at 302; *see Howeth Invs., Inc.*, 259 S.W.3d at 895; *Woodson Lumber Co. v. City of College Station*, 752 S.W.2d 744, 747 (Tex. App.—Houston [1st Dist.] 1988, no writ).

"Nonetheless, in situations in which the plat applicant 'has done all that the statutes and law demands,' the approval of the plat 'becomes a mere ministerial duty . . . .'" *Howeth Invs., Inc.*, 259 S.W.3d at 895 (quoting *City of Corpus Christi v. Unitarian Church of Corpus Christi*, 436 S.W.2d 923, 927 (Tex. App.—Corpus Christi–Edinburg 1968, writ ref'd n.r.e.)); *see Medina Cty. Comm'rs Ct. v. Integrity Gr., Inc.*, 21 S.W.3d 307, 309 (Tex. App.—San Antonio 1999, pet. denied) ("Under [§] 232.002 of the Local Government Code, the authority of the commissioners court to approve subdivision plats is not discretionary if the plat meets the statutory requirements set forth in [§] 232.001."); *Elgin Bank of Tex. v. Travis County*, 906 S.W.2d 120, 123 (Tex. App.—Austin 1995, writ denied) (per curiam) ("Section 232.003 is the only authority upon which the county may base platting requirements."); *Projects Am. Corp. v. Hilliard*, 711 S.W.2d 386, 389 (Tex. App.—Tyler 1986, no writ.) ("Under [the predecessor to chapter 232], the authority of the commissioners court to approve plats is not discretionary. If a plat submitted meets all statutory requirements, the commissioners court cannot impose additional requirements, but must approve such plat."); *see also Integrity Grp., Inc. v. Medina Cty. Comm'rs Ct.*, No. 04-03-00413-CV, 2004 WL 2346620, at *1 (Tex. App.—San Antonio Oct. 20, 2004, pet. denied) (mem. op.) (collecting cases and stating that "if a developer meets the statutory requirements, the commissioners court's duty to approve the plat becomes ministerial").

A person's remedy for a planning commission's arbitrary or capricious denial of a plat application is generally to seek mandamus relief or a mandatory injunction in the trial court.[1] *See*, *e.g.*, *Medina Cty. Comm'rs C.t*, 21 S.W.3d at 309 ("A writ of mandamus will

---

[1] The Texas Local Government Code now contains a section that allows for judicial review of the disapproval of a plan or plat under the subchapter governing the regulation of subdivisions. *See* TEX. LOC.

17

issue to compel a public official to perform a ministerial act. An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion.") (citation omitted); *Woodson Lumber Co.*, 752 S.W.2d at 747 ("If a landowner believes the City's action is arbitrary, then it may obtain relief by mandamus or mandatory injunction requiring the City to approve the plat."); *Myers v. Zoning & Planning Comm'n of the City of W. Univ. Place*, 521 S.W.2d 322, 323–26 (Tex. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.) (considering appeal from denial of mandamus to compel zoning and planning commission's issuance of certificate of no action on submitted plat); *City of Corpus Christi*, 436 S.W.2d at 927; *Kirschke v. City of Houston*, 330 S.W.2d 629, 631, 634 (Tex. App.—Houston 1959, writ ref'd n.r.e.) (noting in dictum that mandamus or mandatory injunction may be sought to compel city to issue building permits), *disapproved on other grounds by City of Austin v. Teague*, 570 S.W.2d 389, 394 (Tex. 1978); *Commissioners Court v. Frank Jester Dev. Co.*, 199 S.W.2d 1004, 1007 (Tex. App.—Dallas 1974, writ ref'd n.r.e.) ("When the platter has done all that the statute demands, [the commissioners courts duty to authorize the filing of the plat] becomes a mere ministerial duty, the performance of which may be compelled by mandamus."); *see also Integrity Grp., Inc.*, 2004 WL 2346620, at *1 (collecting additional authorities).

---

GOV'T CODE ANN. § 212.0099 ("In a legal action challenging a disapproval of a plan or plat under this subchapter, the municipality has the burden of proving by clear and convincing evidence that the disapproval meets the requirements of this subchapter or any applicable case law. The court may not use a deferential standard."). This section became effective on September 1, 2019, and is thus inapplicable to this case, which was filed prior to that effective date.

### V. ANALYSIS

Here, the plaintiffs have filed suit against the City seeking declaratory, injunctive, and mandamus relief. They do not seek monetary damages. They argue that governmental immunity "does not shield a municipality for a violation of a ministerial duty," that the applicable statutes pertaining to platting "do not vest in [the City] the sole and absolute discretion to do anything it wants," and that "[t]herefore, [the City] does not have governmental immunity."

The plaintiffs have sued the City but have not sued any of its officials or agents. The plaintiffs acknowledge that they have not sued anyone else "in their official or individual capacity (at least, not yet)." They assert that the City "is a proper and necessary party to this suit" and assert that they "can add such additional officers of [the City], if any, either in their official and/or individual capacity, as they deem necessary." In support of this pleading strategy, they cite cases from 1903 and 1930 for the proposition that "[w]here the duty sought to be enforced is one owed by a municipality, the municipality is a proper party defendant." *See City of Nacogdoches v. McBride*, 27 S.W.2d 866, 867 (Tex. App.—Beaumont 1930, no writ) ("Neither the members of the city commission nor the officer or agent whose duty it was to make the connection were necessary parties to this suit."); *City of San Antonio v. Routledge*, 102 S.W. 756, 773 (Tex. App.—San Antonio 1907, writ ref'd) (discussing a petition for writ of mandamus filed against a city but not its officials). They contend that "based on what [they] know to date, a yet-to-be-identified [City] official (not the Director of the Planning and Development Department)" concluded that the districts should not be allowed to place their approvals on the plats and that the plaintiffs

19

"are not presently of the opinion that [they] can in good faith assert an ultra vires claim" although they "reserve the right to change their opinion."

We construe the plaintiffs' pleadings liberally and look to their intent to determine if they have alleged sufficient facts to affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Ramirez*, 74 S.W.3d at 867; *Miranda*, 133 S.W.3d at 226-27; *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *PermiaCare*, 600 S.W.3d at 440–41; *City of Plano*, 584 S.W.3d at 895–96. It is apparent that the plaintiffs' arguments resonate with the authority that we have cited above regarding the distinction between discretionary and ministerial duties concerning plat approval. *See Howeth Invs., Inc.*, 259 S.W.3d at 895; *Medina Cty. Comm'rs Ct.*, 21 S.W.3d at 309; *City of Corpus Christi*, 436 S.W.2d at 927. Nevertheless, under the current and applicable law as discussed herein, the plaintiffs have not alleged facts sufficient to affirmatively demonstrate jurisdiction. *See Miranda*, 133 S.W.3d at 226; *CKJ Trucking, L.P.*, 581 S.W.3d at 874–75. We note, for example, that the plaintiffs have not raised an ultra vires claim and have not joined any governmental officials in this suit. Accordingly, we sustain the City's first and second issues.

In this appeal, the City requests that we reverse the order of the trial court and render an order sustaining its plea to the jurisdiction based on its governmental immunity from suit. However, we cannot say that outright dismissal is appropriate on this record. As stated previously, where the plaintiffs' pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiffs should ordinarily be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226–27. However, dismissal is appropriate if the pleadings or record conclusively negate the

20

existence of jurisdiction. *Harris County v. Annab*, 547 S.W.3d 609, 616 (Tex. 2018); *Rusk State Hosp.*, 392 S.W.3d at 96. Specifically, if the party who raised the jurisdictional defense can show that "the pleadings or record . . . conclusively negate the existence of jurisdiction," or that the plaintiff did in fact have a "full and fair opportunity in the trial court to develop the record and amend the pleadings," or that even with a remand "the plaintiff would be unable to show the existence of jurisdiction," then the case should be dismissed without a remand. *Harris County*, 547 S.W.3d at 616 (quoting *Rusk State Hosp.*, 392 S.W.3d at 96–97).

In this case, the pleadings do not affirmatively negate the existence of the trial court's jurisdiction by revealing an incurable defect. *See Koseoglu*, 233 S.W.3d at 840; *Miranda*, 133 S.W.3d at 227; *PermiaCare*, 600 S.W.3d at 440–41; *City of Plano*, 584 S.W.3d at 895–96; *Tabrizi*, 551 S.W.3d at 303. Accordingly, we conclude that the plaintiffs should be offered an opportunity to amend their pleadings. In reaching this conclusion, we note that the plaintiffs amended their pleadings once before the trial court ruled on the City's plea to the jurisdiction, but never in response to an adverse ruling from the trial court, and generally, "a plaintiff may stand on his pleadings in the face of a plea to the jurisdiction unless and until a court determines that the plea is meritorious." *Koseoglu*, 233 S.W.3d at 839 (internal quotation marks removed).[2] We further note that the record

---

[2] Our review of the record reveals the following pleading history relevant to the jurisdictional issues currently before this Court. On February 11, 2019, the Drainage District and Irrigation District filed "Plaintiffs' Original Petition for Injunction" against the City. On February 25, 2019, the City filed a "Motion to Dismiss and Motion for Special Exceptions and Subject thereto, its Original Answer and Affirmative Defenses." On March 14, 2019, the City filed its "Memorandum of Points and Authorities in Support of [its] Motion to Dismiss and Plea to the Jurisdiction." On March 18, 2019, the plaintiffs filed the "Plaintiffs' First Amended Petition for Injunction and Other Relief," which is the live pleading at issue in this appeal. On March 18, 2019, the same day that the plaintiffs filed their current pleading, the City filed its "Plea to the Jurisdiction and Subject thereto, its Motion to Dismiss, Original Answer and Motion for Special Exceptions." On April 4, 2019, the trial court signed an order denying the City's plea to the jurisdiction.

is devoid of any indication regarding the status of discovery and fails to disclose whether the plaintiffs have had a full and fair opportunity to develop the record. *See Harris County*, 547 S.W.3d at 616; *Rusk State Hosp.*, 392 S.W.3d at 96–97); *see also Escalera Ranch Owners' Ass'n, Inc. v. Schroeder*, No. 07-19-00210-CV, 2020 WL 4772973, at \*3–4 (Tex. App.—Amarillo Aug. 17, 2020, no pet. h.) (mem. op.) ("To prevail on its plea to the jurisdiction, the Commission had to conclusively establish that it performed a purely ministerial act. The evidence presented by the Commission consists of a single, conclusory statement, unsupported by any specific facts. The evidence does not establish that the Commission's decision to approve the plat did not involve the exercise of discretion.").

Accordingly, although we sustain the City's issues, we must remand this case to the trial court to afford the plaintiffs an opportunity to amend their pleading. *See Miranda*, 133 S.W.3d at 226–27. Because the merits of this dispute are not before this Court in this procedural posture, we express no opinion as to the viability of any claims that the plaintiffs might plead on remand.

## VI. CONCLUSION

We reverse the trial court's order denying the City's plea to the jurisdiction and remand for further proceedings consistent with this opinion.

GINA M. BENAVIDES
Justice

Delivered and filed on the
24th day of September, 2020.

22